JAMES R. HUME, Appellant, *v.* IRVIN WAINSCOTT, Respondent.

1. *Land and land titles — Tax sales — Land assessed in wrong name, sale invalid.* — In ejectment for land bought at a tax sale, where it appeared that the assessment was made and judgment rendered in the name of one not the owner, *held,* that the advertisement was no notice to defendant; that there was no valid judgment, and that plaintiff acquired no title by the sale. (Abbott v. Lindenbower, 43 Mo. 162, affirmed.)*

*Appeal from Fourth District Court.*

*O. Guitar,* for respondent.

*J. R. Shields,* for respondent.

BLISS, Judge, delivered the opinion of the court.

The plaintiff, in 1866, purchased certain lands of defendant upon tax sale for delinquencies of 1863, and received the proper deed. He brings ejectment, and the defendant shows that in and before the year 1863, he was the owner of and was in possession of the lands, and that the assessment was made and judgment rendered in the name of one William Sexton, the original owner.

The question involved in this record was fully considered in Abbott v. Lindenbower, 43 Mo. 162, where it was held that such assessment was invalid and did not sustain the judgment and sale.

The plaintiff insists that this construction of the law works a hardship on purchasers, and enables dishonest citizens to evade the payment of their taxes. This can not be so when the assessor does his duty, and under careless or incompetent officers the public interests always suffer and the dishonest always thrive.

* Decided at July term; inserted here inadvertently.

The law in force when this assessment was made provided that "in all cases" land should be "assessed to the person appearing to be the owner at the time of the assessment," and authorized the assessor to require, under a penalty, a list of all one's property, to make out a list upon his own view, to enter upon land and make any examination and search which may be necessary, and examine the property, or any person upon oath touching the same. He was thus clothed with ample powers, and, had he obeyed the law, could easily have ascertained that defendant Wainscott, and not Sexton, appeared to be the owner at the time. The land was not assessed to defendant, the advertisement was no notice to him, there was no valid judgment, and the plaintiff acquired no title by the sale.

The other judges concurring, the judgment will be affirmed.