———o———

F. W. KEFFERSTEIN, Assignee of JACOB CORNELI, Respondent, *vs.* SAMUEL KNOX, Appellant.

1. *Engineer—Special tax bill—Substitution of name on bill.*—A special tax bill in which the name of the property owner originally inserted by city engineer is stricken out and another added by the assignee instead, is inadmissible in evidence, and this is the case even although in suit on the bill, against the party whose name is substituted, he admits that he owns the property mentioned in the bill.

2. *Engineer—Clerk, certificate, etc.*—It is competent for a city engineer to certify a tax bill upon a measurement made by his clerk. It is sufficient if the officer have official knowledge of the fact.

*Appeal from St. Louis Circuit Court.*

*Jacob Klein*, for Appellant.

I. The decision in the case of City of St. Louis to use, etc. vs. DeNoue, (44 Mo., 136,) does not authorize the insertion of a new name by the parties after the tax bill has left the city engineer. Such an alteration destroyed the instrument for legal purposes and rendered it inadmissible as evidence.

II. The tax bill was incompetent as evidence, because the city engineer who signed the bill, had no personal knowledge of the work charged. The description of the work, as contained in the bill, was a mere copy of a memorandum given by the special tax clerk. (2 Phil. Ev., Cow. and Hill's notes, 255.)

*Thomas Grace*, for Respondent.

I. The tax bill was valid, notwithstanding the name of appellant did not appear therein, he having admitted himself to be the owner of the ground described in the tax bill. (City to use Rotchford vs. De Noue, 44 Mo., 139; City to use Creamer vs. Bernondy, 43 Mo., 554.)

II. The engineer was warranted in certifying the tax bill on the measurement of his assistant. The engineer is to be considered as having charge of all work done under his authority in his department. (City to use Creamer vs. Oeters, 36 Mo., 463.)

SHERWOOD J., delivered the opinion of the court.

Action on a special tax bill, instituted in the first instance before a justice of the peace. It appeared in evidence on the trial, that the defendant had a life estate in the property mentioned in the bill sued on; that said bill was made out originally against Theresa Achterman and Jeremia Manual Lessus whose names alone appeared in the bill as the persons to be charged thereby; that the signature of the city engineer to the certificate upon the bill was genuine; that said engineer never made any personal examination of the work specified therein; but made such certificate upon the measurement of his special tax clerk, employed in his office in that capacity; that after the bill was made out, certified and delivered, the plaintiff, of his own motion, and without the knowledge or consent of Bischoff, the city engineer, with lead pencil struck out the names of the lessees and inserted that of the defendant; that this erasure and insertion were made in order that the summons might be issued against the defendant. After these facts were either proven or admitted, plaintiff offered to read the tax bill in evidence, but the defendant insisted that the bill was not competent evidence against him for any purpose, giving specific reasons therefor. The tax bill was however permitted to be read, and was dated January 31st, 1868. E. H. Hesse testified that he was employed by the city engineer as special tax clerk, and in that capacity he had made a measurement of the work referred to, and found that the bill corresponded with his memorandum of such measurement.

This was in substance the testimony and at its close, certain declarations of law, denying plaintiff's right of recovery, were refused, judgment rendered against defendant and his surety (on the appeal bond), with direction that if it were

not satisfied out of the general property of defendant and his surety, that the residue be levied of the property described in the tax bill which was declared to be a lien on such property. The Circuit Court in general term affirmed this judgment and the cause comes here by appeal.

The objections of the defendant were certainly well taken to the admission of the tax bill in evidence. The only reason why a bill of this kind is admissible at all against any one, is owing alone to the force and effect of the statute which gives it such operation. And it would seem to be a proposition too plain for discussion that such a bill could by no possibility be admissible to establish a liability or create a charge against a person not named therein, and who, therefore, was to all intents and purposes, a stranger to the whole transaction. Where a statute makes the certificate of an officer *prima facie* evidence of the right of one man to recover judgment against another, it would appear manifest beyond question, that a reasonable degree of strictness, to say the least of it, should be the governing principle in giving that statute its proper construction; and that no plea of either convenience or expediency ought to enlarge its scope, or extend its sphere of operation outside of the limits originally assigned by the legislative will. The fact that the defendant admitted at the trial that he was the owner of the property mentioned in the tax bill, could not impart to that instrument a legal existence and validity which, prior to such admission, it did not possess. In the case of the city of St. Louis, etc. vs. Bernoudy, (43 Mo., 552,) cited by respondent, the actual point decided was, that it was unnecessary to insert the name of the trustee in a tax bill in addition to that of the *cestui que trust*, as the latter possessed the equitable and beneficial, and the former, but the dry legal estate, and consequently, that he, in contemplation of the statute, was not the owner of the property.

Another case, that of the city of St. Louis, etc. vs. DeNoue, (44 Mo., 137,) is also cited by respondent; but it does not seem that any objection to admitting the tax bill in evidence was made in that case, so that it cannot properly be claimed as authority here. And even did that case go to the full length

respondent claims, it would require more cogent reasons than any likely to be produced, to induce the yielding of assent to what I could but regard as no less than a very grave error.

It was competent for the city engineer to certify the tax bill upon the measurement made by his clerk; this was so ruled in the case of the city of St. Louis, etc. vs. Oeters, (36 Mo., 456). It is impossible, in the very nature of things, that an officer should be able to give his personal supervision to all the various business details of his office. If not allowed to employ assistants and subordinates, and to largely rely upon both their faithfulness and capacity, the public interests would often suffer detriment. It is sufficient, if the officer who makes the certificate has official knowledge of the facts to which he certifies; and such knowledge may well be derived from the above indicated sources. But the certificate of the officer in the case at bar, from whatever source his knowledge was obtained, could, as above seen, have no effect as to the defendant, nor be the basis of any valid procedure against him.

It is unnecessary to criticise the judgment in point of form, as it must be reversed. The other judges concur.