# CASES DETERMINED

IN THE

# ST. LOUIS COURT OF APPEALS,

## MARCH TERM, 1882.

STATE OF MISSOURI, EX REL. M. A. ROSENBLATT, Plaintiff
in Error, *v.* CHARLES GIBSON, Defendant in Error.

### March 21, 1882.

Under the statute of 1864, an assessment for taxes must have been made in
the name of the real or apparent owner; and an assessment made in the
name of a former owner after the real owner had brought his title and
ownership to the assessor's notice, is void.

APPEAL from the St. Louis Circuit Court, LINDLEY, J.
*Affirmed.*
A. KING, for the plaintiff in error.
CHARLES GIBSON, *pro se.*

THOMPSON, J., delivered the opinion of the court.

This is a suit under the back-tax law of 1877, to enforce
the state's lien for taxes against the land described in the
petition, for the years 1868, 1869, and 1870. The petition
is in the usual form employed by the collector of the city
of St. Louis in such suits. The question which arises upon
the record is presented by a demurrer to the answer.
The answer is as follows: "The defendants, in answer to
the petition, state that Charles Gibson became the owner in

fee of the property named in the petition, in November, 1861, was then put in possession, and has ever since remained in the possession of the same ; that he paid all the taxes levied on the same for a long time thereafter, when the assessor voluntarily chose to, and did, assess the taxes to one Evans Rogers, who had not then any claim to the same ; that the same were forfeited for non-payment of said taxes assessed against said Rogers, and the same were bought in at the public sale by one N. D. Allen ; that said Gibson notified said assessor and subsequent assessors that he would not pay said taxes so long as they were assessed to said Rogers or Allen, but that said assessors, arbitrarily and against the will of said Gibson, continued to assess the same to said Allen as the owner of said premises for a number of years ; that the taxes for which this suit is brought were so assessed in the name of said Allen, and the defendants deny that said assessments were legal, and they aver that the same were void ; that said Gibson never had any legal right to appear before the board of appeals, and never was made in any way party to said proceedings.   After the year 1870, the taxes were assessed to said Gibson, and they have been by him ever since that time regularly paid.   These defendants deny each and all of the averments contained in the petition, except such as are admitted herein.''

It will be perceived that the question here presented is to be determined by the law as it stood prior to the revenue law of 1872, which dispensed with the necessity of assessing lands for taxation in the name of the real or apparent owner.   Rev. Stats., sect. 6853.   The law under which this tax was assessed appears to have been the Revenue Act of 1864, embodied in Chapter XII. of the Revised Statutes of 1865.   By section 10 of this statute, land was "in all cases to be assessed to the person appearing to be the owner at the time of the assessment" (Gen. Stats. 1865, chap. 12, sect. 13) ; and by section 29, it was provided that "when the

name of the owner or claimant cannot be ascertained, such land shall be taxed by the numbers and in the name of the original owner," and shall " be sold and conveyed by their numbers and in the name of the original owner, without reference to the present owners or claimants." Gen. Stats. 1865, chap. 12, sect. 39. Construing these provisions, it was held in *Abbott* v. *Lindenbower* (42 Mo. 162), that " an assessment in the name of a person who neither was, nor ever had been, the owner of the property, would be an utterly void assessment." " The assessors," continued the court, " have no jurisdiction to assess property otherwise than as the statute prescribes ; and a void assessment (which is equivalent to no assessment at all) against the owner, cannot be made the foundation of a sale and conveyance of his land, even by legislative enactment. A valid assessment is an essential prerequisite to the lawful exercise of the power of taxation. It is a necessary condition of an effectual transfer of the title. \* \* \* We think it may be safely said that a valid assessment of the property to the true owner, and notice of the judgment to be rendered against him, are indispensable, in order that the transfer of his title to another may be effectual *per legem terræ.*"

Afterwards, in *Hume* v. *Wainscott* (46 Mo. 145), the doctrine of this case was reaffirmed and extended. Here the assessment was made and the judgment rendered in the name of one William Sexton, the original owner. The court held that such an assessment was invalid, and did not sustain the judgment and sale. The court said : " The law in force when this assessment was made provided that ' in all cases ' land should be ' assessed to the person appearing to be the owner at the time of the assessment,' and authorized the assessor to require, under a penalty, a list of all one's property, to make out a list upon his own view, to enter upon land and make any examination and search

which may be necessary, and examine the property, or any person upon oath touching the same. He was thus clothed with ample powers, and, had he obeyed the law, could easily have ascertained that defendant Wainscott, and not Sexton, appeared to be the owner at that time. The land was not assessed to defendant, the advertisement was no notice to him, there was no valid judgment, and the plaintiff acquired no title by the sale."

The same doctrine was reaffirmed in the case of *Hubbard* v. *Gilpin* (57 Mo. 441, 445), in which case the question arose under the revenue law of 1855, and it was held " that the assessor was bound to assess in the name of the apparent or real owner; " and an assessment in the name of the original patentee, who was not on record as the real owner, and not, in point of fact, the apparent owner, was, the court conceded, a void assessment, under which a valid sale could not be made.

In the case of *Kefferstein* v. *Knox* (56 Mo. 188), the same principle was applied to a special tax-bill issued under an ordinance of the city of St. Louis. That case in principle is more nearly like the present case, because the proceeding was not summary in its nature, but was an ordinary suit in court to collect a sum of money and to enforce a statutory lien against land for its payment. The tax-bill had not been made out in the name of the real owner, the defendant in the suit. It had been made out in the names of other persons, and the city engineer had struck out their names with a pencil and inserted the name of the defendant. It was held that the bill could not be read in evidence to charge the defendant. The court regarded it to be " a proposition too plain for discussion, that such a bill could by no possibility be admissible to establish a liability or create a charge against a person not named therein, and who, therefore, was, to all intents and purposes, a stranger to the whole transaction. * * * The fact that the de-

fendant admitted at the trial that he was the owner of the property mentioned in the tax-bill, could not impart to that instrument a legal existence and validity which, prior to such admission, it did not possess."

These decisions would seem to be decisive of this case. It is true that the answer does not state that Evans Rogers was not the original owner of the property; and it may also be said that at the time the property was assessed to N. D. Allen, he may have been in a certain sense, to quote the language of the statute of 1864, "the person appearing to be the owner at the time of the assessment." But the answer clearly shows that the real owner brought his title and ownership to the attention of the assessor, who disregarded the same. Gibson was, therefore, not only the real, but he made himself the apparent owner to the assessor. And even if Rogers had been the original owner, the assessor was not, under the terms of the statute, justified in making the assessment in his name; for it cannot be said that the name of the owner or claimant could not be ascertained, when the real owner was standing before the assessor notifying him of his title.

The assessment was, therefore, void; and we suppose that it will not be questioned that a valid assessment is a prerequisite to any proceeding, of what nature so ever, to enforce the payment of a tax; for, as was said by Holmes, J., in *Abbott* v. *Lindenbower* (*supra*), a void assessment is equal to no assessment at all. The whole proceeding, therefore, falls. Whichever way the proposition is turned around, the same result is reached. No tax can be collected, because none has been assessed. The state is suing for a supposed tax which has never been created.

The judgment is affirmed. Judge BAKEWELL concurs; Judge LEWIS did not sit.