## MALCOLM MacDONALD, Administrator, Appellant, v. E. C. TITTMANN, Administrator, Respondent.

**St. Louis Court of Appeals, November 11, 1902.**

1. **Attorney at Law:** CONTRACT FOR SERVICES OF AN ATTORNEY AT LAW: VALUE OF SERVICES. Where two attorneys are severally employed in a cause, each is entitled to recover for the reasonable value of his own services in the absence of any different contract. One is not entitled in such a case to recover severally one-half of the value of the services of both attorneys.

2. **Demand in Probate Court:** ACTION AT LAW: PRACTICE, APPELLATE. A demand for an allowance against an estate in process of administration is a proceeding in the nature of an action at law for the recovery of money, and it is not reviewable on the facts upon appeal.

3. **Witness, Competency of:** STATUTORY CONSTRUCTION. In an action to recover compensation for legal services there was evidence tending to show that plaintiff and another attorney were severally employed. Plaintiff died before the action was tried. The other attorney was offered as a witness to show the extent of his own services in the case, and was permitted to testify; *held*, that the witness did not have such an interest in the result as would render him incompetent under section 8642, Revised Statutes 1899.

4. **Practice, Trial:** PRACTICE, APPELLATE. When the trial court adopts a theory of law advanced by one of the parties, the latter can not successfully challenge that theory on appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

AFFIRMED.

*Hickman P. Rodgers* for appellant.

(1) The probate court has sufficient jurisdiction to allow attorney's fees for services rendered in behalf of an estate, and to order the administrator to pay same as part of the expense of administration. R. S. 1899, sec. 95; Lycan v. Miller, 56 Mo. App. 79;

State ex rel. v. Tittmann, 103 Mo. 553; State ex rel. v. Walsh, 67 Mo. App. 348. (2) Attorneys conducting a case jointly are entitled to share the fee equally. Henry v. Bassett, 75 Mo. 89. Without regard, in the absence of an agreement, to whether one of such attorneys may have done more of the work than his associate in the case. Bennett's Admr. v. Russell's Admr., 34 Mo. 524; Parsons on Contracts, sec. 203, note 5; Am. and Eng. Ency. of Law (1 Ed.), p. 966. (3) One beneficially interested in a suit, though not a party, is incompetent to testify to transactions with deceased. Bieber v. Boeckman, 70 Mo. App. 503. Especially, "when the result of his testimony in his own favor would be equally beneficial to him as if he were such party." Meier v. Thieman, 90 Mo. 433.

*J. M. Holmes* for respondent.

BARCLAY, J.—This appeal must be disposed of upon rather narrow grounds defined by our law of procedure. The demand of plaintiffs against the estate of Basil W. Alexander (in charge of the defendant as administrator) for $2,950, is founded upon a claim for services rendered by Robert S. MacDonald, an attorney at law, on behalf of the defendant estate. He died after this action was begun. Plaintiffs were substituted in his stead as his administrators.

There is testimony tending to prove the facts recited in the lucid statement of counsel for appellants, from which we quote as follows, making a few modifications in matters of form:

The services for which compensation is claimed were rendered by Mr. MacDonald, deceased, in the circuit court, city of St. Louis and the Supreme Court of Missouri on behalf of the Alexander estate, at the instance and request of defendant as administrator thereof, in defense of the case entitled State ex rel. Richard Hospes et al., trustee of Alice Crooks and to use of Alice Crooks v. Joseph W. Branch, Eugene C. Tittmann, Admr. of the estate of Basil W. Alexander,

deceased, and Elizabeth Parks, executrix of Robert M. Parks, deceased, in which judgment was prayed for a large sum of money.

The evidence shows that Mr. Branch was curator for Alice Crooks and was afterwards her trustee; that Messrs. Alexander and Parks were sureties on his bond in one of those capacities, and that judgment was prayed against Mr. Branch and the estates of his bondsmen for a large sum of money for which he was alleged to be in default. Mr. Branch permitted the case to go by default. The Parks estate made no defense (except nominally at the first trial) so the burden of the defense fell upon Mr. Tittmann, administrator of the Alexander estate, the only solvent defendant. The Branch case was pending from about 1889 to 1899, during which time it was tried before a jury in the circuit court four times, and argued and submitted to the Supreme Court the same number of times, and once in addition thereto on a motion for rehearing. The defense prevailed in the circuit court at the first two trials and in the Supreme Court on appeal from the judgment in favor of plaintiff at the third trial; but at the fourth trial of the case plaintiff obtained judgment for the penalty of the bond to be satisfied on payment of $30,009 and costs. This judgment was finally affirmed by the Supreme Court, and satisfied out of the funds of the Alexander estate.

The evidence does not show precisely what services were performed by Mr. MacDonald, but it establishes conclusively the facts that he was present at the various trials in the circuit court, and at the counsel table with his associate, Mr. Kehr, and took voluminous notes of the testimony given; that his name appeared as senior counsel in connection with that of Mr. Kehr on the pleadings, abstracts, briefs and papers filed on behalf of the Alexander estate from the beginning to the end of the unusual and lengthy course of that case.

The evidence also shows that Mr. Tittmann wrote a letter in 1889, congratulating Mr. MacDonald on the

result of the first trial, and on February 19, 1890, paid Mr. MacDonald the sum of $550 ''on account of legal services rendered in the case of State to use of Hospes v. Branch et al., circuit court,'' took credit for same in his settlement as administrator of the Alexander estate; and that while the Branch case was pending in the courts a partial distribution of the sum of $72,000 among the heirs of the Alexander estate was made by said administrator.

It was shown by Benjamin Schnurmacher, a witness who was of counsel for plaintiff in the Branch case, and by Hon. Daniel Dillon, who twice presided as judge in the trial thereof in the circuit court, that a reasonable fee for the work done by the attorneys for the Alexander estate in the Branch case would be at least $5,000.

Mr. Kehr, who was associated with the deceased, Mr. MacDonald, as counsel for Mr. Tittmann, administrator, in defense of the Branch case, testified, over the objection and exception of the claimants, that he (Kehr) was employed by Mr. Tittmann to represent him as administrator of the Alexander estate in the defense of the Branch case, and that MacDonald had appeared in the case; and in answer to the question, ''Whom did he represent as far as you know?'' answered, ''The only knowledge that I have upon the subject is that MacDonald was the attorney and the representative of the Alexander children who were the beneficiaries under the will of B. W. Alexander.''

Witness Kehr also testified that MacDonald was present at the trials of the Branch case in the circuit court, but took no substantial part in the defense, either in the trial court or Supreme Court, though witness admitted that one brief was submitted to MacDonald. When witness was asked why MacDonald's name appeared he answered, ''I signed his name to the briefs, in the preparation of which he had no hand, as a matter of courtesy, and will say that I did so of my own motion because Mr. Tittmann thought it was more appropriate and a compliment to him;'' and when asked the

value of the services rendered by MacDonald, answered (over the objection of claimants), "So far as I knew the actual services on his part that came under my observation, I should say $500 would be ample compensation for them."

Trial of this claim was had in the circuit court without a jury and the court found in favor of defendant; whereupon and in due time claimants filed their motion for new trial, and being unsuccessful in that, appealed to this court.

The following instruction was given for plaintiffs:

"The court declares the law to be that if the evidence shows that Eugene C. Tittmann as administrator of the estate of Basil W. Alexander, deceased, employed Robert S. MacDonald and Edward C. Kehr as his attorneys for the purpose of defending a suit pending against him as such administrator; that no agreement was had between said Tittmann, administrator, and said attorneys as to the amount they were to receive as fees for such services; that said MacDonald and said Kehr jointly entered their appearance as attorneys of record for said Tittmann, administrator, and so remained until the final termination of said suit and jointly conducted said defense; that said MacDonald was individually paid $550 and no more, on account of such services; and that said MacDonald has since died and that claimants are his duly appointed administrators; then claimants are entitled to an allowance, to be paid by said Tittmann, administrator, as a part of the expense of administration of said Alexander estate in a sum equal to one-half of the reasonable value of all said services rendered in said defense, less $550, without regard to whether one of said attorneys may have done more of the actual work in the case than his associate; provided, however, the court believes from the evidence the said sum paid on account is less than one-half of the reasonable value of all said services in said defense. And an employment of said attorneys may be implied if the evidence shows that said appearance was entered and services performed

with the knowledge and consent of said Tittmann, administrator.''

An instruction was given for defendant as follows:

''The court declares the law to be that should the court sitting as a jury, find that R. S. MacDonald as well as E. C. Kehr, was employed by defendant as an attorney in the case of State ex rel. Hospes v. Branch, and that said employment of said Kehr and said MacDonald was several and not joint, then the plaintiff is entitled only to a judgment for such amount as the court sitting as a jury may find from the evidence that the services of said MacDonald were actually worth, deducting from said amount the sum of five hundred and fifty dollars heretofore paid him.''

No other instructions were asked by plaintiffs or given for defendant.

1. It is a fair inference from Mr. Kehr's testimony that he was separately employed by Mr. Tittmann, on behalf of the defendant estate, and that the employment of himself and MacDonald was not a joint employment of the two attorneys. The evidence of Mr. Kehr undoubtedly supports the theory of the declaration of law given on behalf of defendant. The court gave the only one which plaintiffs requested, refused none asked on their part, and then found as a fact (by the result announced) that the employment of the two attorneys was not a joint employment but a separate employment of each. In that event MacDonald was entitled to be paid the reasonable value of the services rendered by him according to the law as declared by the trial court at the instance of the plaintiffs; but he was not entitled to share the compensation earned by Mr. Kehr in his separate employment. Plaintiffs asked to have the law so declared. They do not assign error on the ruling of the court adopting that theory, and they could not successfully do so now. Mirrielees v. Railroad, 163 Mo. 470.

2. In this state of the record it is not permitted

to us to review the facts, but only errors of law assigned.

A demand for an allowance of attorney's fees against an estate in process of administration is considered as an action at law. It should be treated as such on appeal. This proposition is the foundation of the decisions in Thies v. Garbe, 88 Mo. 146, Pitkin v. Mott, 56 Mo. App. (St. L.) 401, and Yeakle v. Priest, 61 Mo. App. (St. L.) 47.

3. Plaintiffs objected to the testimony of Mr. Kehr touching his own services on the ground that Mr. MacDonald was dead and that Mr. Kehr was agent for defendant because his attorney. The learned trial judge admitted the testimony. The objection was based on the statute excluding interested witnesses where the adverse party is dead (R. S. 1899, sec. 4652). Mr. Kehr's testimony tended to show that he was engaged as counsel in the Branch case separately from Mr. MacDonald and that he was partner of defendant in the general practice of law; but it did not show that he had, or ever had had, any pecuniary interest in the result of this action by defendant as administrator of the Alexander estate. The fact that the witness claimed a right to compensation for his own several services did not invest him with an interest in the defense of the demand in suit. It was competent for defendant to prove whether or not Mr. Kehr was employed jointly with or severally from, Mr. MacDonald, and what services Mr. Kehr rendered. No such interest of Mr. Kehr in the result of the present suit was shown as would disqualify him as a witness. The trial court so held, and we think correctly.

The important issue in the case (as to the joint or several employment) was one of fact under the declaration of law given at the instance of plaintiffs. The learned trial judge found in favor of defendant on that issue. We discern no error of law in the record; and we are not warranted to review the circuit judgment on the facts. The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.