JAMES VANDOLAH, Appellant, v. ALBERT Mc-
KEE, Respondent.

St. Louis Court of Appeals, March 3, 1903.

1. **Stakeholder, Liability of:** DEMAND OF STAKEHOLDER FOR
RETURN OF MONEY: STATUTORY CONSTRUCTION. Under
the provisions of section 3431, Revised Statutes 1899, a stakeholder
will not be liable to an action if he delivers over the money, or other
thing bet, to the winner, after the determination of the bet and
before he has notice from the loser not to do so.

2. ———: ———: ———: SUFFICIENCY OF DEMAND. The loser
of a bet served the following notice on the stakeholder: "I hereby
notify you not to pay my part of the bet made on the election of
the Governor of the State of Missouri, held by you as stakeholder,
made on the nineteenth day of October, 1900, with one Ragsdale."
The stakeholder paid all the money to Ragsdale the next day after
the service of said notice. *Held,* that while a formal demand was
not contained in the notice for the return of the money, yet it was
sufficient to render the stakeholder liable, as he paid the money to
Ragsdale in disregard of the notice.

Appeal from Clark Circuit Court.—*Hon. Edwin R.
McKee,* Judge.

REVERSED AND REMANDED.

*Berkheimer & Dawson* for appellant.

(1) The only question in this case is, Did the
stakeholder have notice not to pay over the money to
the other party to the bet before he paid it over? The
notice in evidence certainly is sufficient for that pur-
pose as well as the oral evidence of notice to the de-
fendant not to pay over the money, and the evidence
of the defendant himself shows that the next day after
the written notice was served on him and after he had
been verbally notified by the defendant not to pay it
over, he went to the bank where it was deposited,
checked it out and payed it to Ragsdale, the other party
to the bet. Weaver v. Harlan, 48 Mo. App. 319. In
the above case the court uses this language: "A

stakeholder will not be liable to an action if he delivers over the money or other thing bet to· the winner, after the determination of the bet and before he has notice from the loser not to do so." (2) In this case the court took the position that Exhibit "A" in evidence was not a demand, but was a notice sticking in the bark. The court should have instructed the jury to find for the plaintiff because all of the evidence shows that the defendant had notice from the plaintiff not to'pay over the money. (3) The court should not have submitted the written notice to the jury for their construction, but upon the production thereof should have construed the same and in construing the same, should have taken the case from the jury. The construction of a writing is not for the jury but for the court. State to use v. Lefaivre, 53 Mo. 470; Edwards v. Smith, 63 Mo. 119; Miller v. Dunlap, 22 Mo. App. 97.

*Whiteside & Yant* for respondent.

Before appellant can recover in this case it devolves upon him to show that demand was made for the return of his money previous to the expiration of the time agreed upon by the parties for the determination of the bet or wager. R. S. 1899, sec. 3431.

GOODE,. J.—Plaintiff and one Ragsdale laid a wager on the result of the election pending in the autumn of 1900 for Governor of Missouri; plaintiff betting, it is alleged in the statement, fifty dollars that Alexander M. Dockery would not receive thirty thousand majority over Joseph Flory for Governor, Ragsdale betting the same amount that said Dockery would receive that majority.

· McKee was the stakeholder in whose hands the respective parties put the money wagered. After the election Vandolah first claimed all the money, as he admitted, but swore that afterwards, when a dispute arose between him and Ragsdale as to the exact terms

of the wager, he demanded back the part he had put up; which McKee denied, and testified that no demand whatever was made on him by Vandolah for the return of the latter's part of the money until he (McKee) had paid the entire sum in his hands to Ragsdale. On the twenty-seventh day of November the following notice, claimed to be a demand within the meaning of section 3431, Revised Statutes 1899, was served on McKee:

"To Albert McKee, notice: I hereby notify you not to pay my part of the bet made on the election of the Governor of the State of Missouri, held by you as stakeholder, made on the nineteenth day of October, 1900, with one Ragsdale.

"Dated this twenty-seventh day of November, 1900.
(Signed)          "JAMES VANDOLAH."

McKee paid all the money to Ragsdale the next day after the service of said notice. Later Charles Hiller, as attorney for Vandolah, demanded the return of the latter's fifty dollars, but McKee swore that said demand, which is the only one he admits was made for Vandolah's stake, came after he had turned over the money to Ragsdale. He said, however, that he intentionally gave Hiller the impression that he still had the money in his possession when the latter said he would sue if Vandolah's part was not returned and when McKee knew Hiller was making the demand as the basis of an action. McKee's conduct was equivocal and might, perhaps, have estopped him to deny he still had the money when Hiller demanded Vandolah's stake. But no such contention was made, both sides adopting the theory that a demand on McKee must have been made while he in fact had the money in his hands, and we think a demand was conclusively shown. It stands undenied and undisputed that McKee still had Vandolah's money when the foregoing written notification was served on him, forbidding him to pay it over to Ragsdale. Was said notice a sufficient demand to enable Vandolah to sue for and recover his stake?

Whether used to designate a claim or a legal right, or in the sense of a request to another to perform a duty, the word "demand" is of extensive significance. In the latter sense a demand may be made or preferred by the use of any words which the person addressed understood, or ought to have understood, to be a request for performance. Keefer v. Curvier, 53 Wis. 404; Truax v. Parvis, 9 Houst. (Del.) 333. It is sometimes equivalent to, or at least may be sufficiently made by, a notification to the person addressed of the other party's claim; and we think that is the meaning of the word in our statutes on gaming. In fact it was so adjudged by this court in the case of Weaver v. Harlan, 48 Mo. App. 319, wherein it was said:

"The only construction which we think can be placed on this section, if the spirit and policy of the statute are not lost sight of, is that a stakeholder will not be liable to an action, if he delivers over the money or other thing to the winner, after the determination of the bet and before he has notice from the loser not to do so. The matter contained in the proviso is not well expressed, but any other construction would be out of harmony with other portions of the section, and against the clearly expressed intention of the Legislature in other sections of the law. If a stakeholder after the determination of the bet, and in the absence of notice from the loser, delivers the stakes to the winner, it would be unjust to hold him liable. It is to such a case and none other that the exception applies."

The present case is indistinguishable on principle, from the one just cited and is controlled by it. A formal demand for the return of the money was not contained in the notice, but it was sufficient to render McKee liable, as he paid the money in disregard of the notice. The judgment is, therefore, reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.