JONESBORO, LAKE CITY & EASTERN RAILROAD COMPANY, Appellant, v. UNITED IRON WORKS COMPANY, Respondent.

St. Louis Court of Appeals, March 13, 1906.

1. **PRACTICE: Admissions in Pleadings: Sheriff's Return.** In an action of replevin where the pleadings showed that the property was taken from the defendant and delivered to the plaintiff and the case was tried on that theory, notwithstanding the sheriff's return showed that defendant retained possession by giving bond, a finding by the trial court that plaintiff was put in possession was proper.

2. **EVIDENCE: Original Entries.** Time slips made out by laborers and handed in at the end of each day's work to the employer were original entries and admissible in evidence in an action by the employer against another for whom the labor was performed.

3. **PRACTICE: Instruction: Submission of Issue.** In an action of replevin for an engine against which the defendant claimed a special lien for repairs made under a contract by which the defendant agreed to keep the cost down as low as possible and charge only a fair margin of profit, an instruction which restricted defendant's right to compensation to what the cost of repairs would have been, had the defendant been as well equipped for the work as represented, properly submitted the issue of defendant's inferior equipment as compared with other machine shops and unnecessary cost of that reason.

4. **CONTRACT BY LETTER: Jury Question.** Where a contract was made by letters which the court correctly interpreted in its instruction to the jury, it was not error to submit to the jury the question as to whether a contract was in fact made.

5. **INTEREST: Demand of Payment.** In order that an account for repairs on an engine may draw interest, a notification of the completion of the work and request that the owner send a man to accept it, and O. K. the bill, was a sufficient demand of payment.

6. **APPELLATE PRACTICE: Error in Form of Judgment: Correcting Error on Appeal.** Where a judgment of the trial court included a finding not authorized by the verdict of the jury, it could be corrected on appeal by striking out the erroneous part and affirming the judgment as to the rest.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston,* Judge.

MODIFIED AND AFFIRMED.

*Frank B. Coleman* and *Block & Sullivan* for appellant.

(1) The return of the sheriff on the writ of replevin was conclusive. Smoot v. Judd, 184 Mo. 518, 83 S. W. 481; Mason v. Perkins, 180 Mo. 707, 79 S. W. 683; Sams v. Armstrong, M's. Op. this Court, No. 1428, 8 App. 573, Mem. (2) The verdict does not support the judgment. Cordage Co. v. Yeargin, 87 Mo. App. 565; Kronk v. Reid, 105 Mo. App. 432 and 434, 79 S. W. 1001. (3) Respondent's time checks were not admissible in evidence. Coombs v. Coombs, 86 Mo. 178; Blacksmith Co. v. Carreras, 19 Mo. App. 162; Light Co. v. Carmody, 72 Mo. App. 540. (4) Interest is not recoverable prior to suit brought except upon demand. Compton v. Johnson, 19 Mo. App. 93; R. S. 1899, sec. 3705; Burgess v. Cave, 52 Mo. 45; Southgate v. Railway, 61 Mo. 89; Thompson v. School District, 71 Mo. 501; Phillips v. Laclede Co., 76 Mo. 70; Wolff v. Matthews, 98 Mo. 246, 11 S. W. 563; Henderson v. Davis, 74 Mo. App. 4. (5) And a demand of more than is due will not start interest. Goff v. Rehoboth, 2 Cush. 478; Shipman v. State, 44 Wis. 460; Weber & Co. v. Hearn, 63 N. Y. Supp. 41; 16 Am. and Eng. Ency. Law (2 Ed.), p. 1023; Mahan v. Waters, 60 Mo. 170; Gas Light Co. v. St. Louis, 12 Mo. App. 573.

*Wm. B. Skinner, Edw. J. White* and *Woodruff &
Mann* for respondent.

(1)   The answer in the court below specifically al-
leged that appellant had replevied and taken said engine
and tender from the possession of respondent, and
prayed for its return to the possession of respondent.
Appellant's reply admitted these facts, and denied only
the value of respondent's special interest.   The evidence
on both sides, admitted without objection, showed that
the sheriff took the engine from respondent's possession
and delivered it to appellant, and that appellant still had
it.   An admission of that fact was introduced by agree-
ment.   The instructions on both sides were asked, those
given as well as those refused, upon that express theory,
and now appellant asks to have the cause reversed here
upon the theory that respondent and not appellant had
possession of the engine.   Appellant cannot change
front in this court.   The cause will be determined here,
and both parties will be bound here to abode the theory
upon which they tried the case below.   M'eyer Bros. v.
Bybee, 179 Mo. 354-368, 78 S. W. 579; Meyer v. Chair
Co., 130 Mo. 195, 32 S. W. 300; Overshiner v. Britton,
169 Mo. 356, 69 S. W. 17; Swearingen v. Ins. Co., 66
Mo. App. 93; Birge v. Bock, 44 Mo. App. 79; Vaughan
v. Fisher, 32 M'o. App. 34; Wood v. Flannery, 89
Birge v. Bock, 44 Mo. App. 79; Vaughan v. Fisher, 32
Mo. App. 640.   (2)   Appellant's fourth contention is
that the verdict does not support the judgment.   (a)
The verdict does support the judgment.   Provo Mfg. Co.
v. Severance, 51 Mo. App. 260; Kronk v. Reid, 105 M'o.
App. 432-434, 79 S. W. 1001; Cordage Co. v. Yeargin,
87 Mo. App. 565.   (b)   But if the verdict does not sup-
port the judgment, that question can only be raised by
motion in arrest.   There is no such motion in this case.
It is not even raised by the motion for new trial in this
case.   Hopper v. Hopper, 84 Mo. App. 117-118; Rothrock

v. Lumber Co., 80 Mo. App. 514; Ring v. Glass Co., 44 Mo. App. 111.   (3)  The fifth proposition raised by appellant's brief is that respondent's time checks were not admissible in evidence.  The time checks were the original memoranda of the account for time expended on the work, and were admissible as such.  Light Co. v. Carmody, 72 Mo. App. 540-541.  They were entries made contemporaneously with the work done, and part of the res gestae and admissible as such.  Anchor Milling Co. v. Walsh, 108 Mo. 277, 18 S. W. 904; Robinson v. Smith, 111 Mo. 205, 20 S. W. 29.   (4)  Appellant's sixth contention is that interest is not recoverable prior to suit brought, except upon demand.  The fact that this is an action on contract in writing is overlooked. Respondent's letter of June 27th, and appellant's reply of June 29th, noting with pleasure the clear-cut meaning of the same, constitute the contract in writing for the work.  Interest is recoverable on all written contracts after the money comes due and payable, no demand is necessary in such case to start interest.  R. S. 1899, sec. 3705; Fields v. Baum, 35 Mo. App. 511.   (5 )  There was no error in this case in permitting the jury, under instruction No. 2, given for respondent, to interpret the contract between the parties.  We may concede that it was the duty of the court to instruct the jury that respondent's letter offering to do the work at a fair margin of profit, and appellant's letter of acceptance and thanks for the clear-cut meaning of the same constituted a contract.  Yet, it was not reversible error to submit the question to the jury, since the jury found what the court should have found for them, to-wit, that there was a contract.  Nelson v. Hirsch, 102 Mo. App. 489-513, 77 S. W. 590.   (6) The verdict for respondent, and fixing the value of its special interest in the property, and the judgment for that sum or the return of the property, at the option of respondent, are in proper form.  Peters v. Lowenstine, 44 Mo. App. 406; Pallen v. Bogy, 78 Mo. App. 88.

STATEMENT.—The suit was instituted in the Greene Circuit Court to recover the possession of one locomotive engine numbered seventeen and lettered J. L. C. & E., and one tender similarly lettered, alleged to be the property of the plaintiff. The petition was in the ordinary form.

The answer alleged that defendant had a lien upon the replevied property for repairs, etc., made under a contract with the plaintiff therefor; that the amount of its lien was $4,465.65, and that the repairs were completed on September 1, 1904, when the bill or account thereof was presented to the defendant and payment refused; alleged that defendant retained possession of the engine and tender, for the purpose of enforcing its lien, until the same was taken from it, without its consent, under the writ of replevin herein, and prayed judgment for the amount of said lien and for the return of the property until its lien should be satisfied and discharged. Attached to and filed with the answer, was an account of the material used and work and labor done in making the repairs on the engine and tender. There is no general denial in the reply of the plaintiff to the new matter set up in the answer. The reply put at issue the truth and correctness of the itemized account, and alleged that the value of all the material furnished and labor expended in making the repairs on the engine and tender was not in excess of two thousand dollars; alleged that the work was defectively done, pointed out specific parts of the engine that were defectively repaired, and alleged that plaintiff had to have said defects remedied; and also, that the engine soon became unfit for service and plaintiff was compelled to do the work over that had been done by the defendant at a cost and loss of five hundred dollars; and continued: "So that plaintiff says they are indebted to the defendant for and on account of said work and labor done and material furnished on and to said engine and tender only in the sum of two thousand dollars, which said sum they heretofore ten-

dered to the defendant and now here in this court again tender to the defendant in full payment of their said account and upon payment of same defendant prays judgment for the possession of said engine and tender."

The case was taken to the Lawrence Circuit Court, by change of venue, where it was tried, resulting in a verdict for the defendant for three thousand eight hundred dollars. Among other things recited in the judgment is the following: "It appearing to the court that the plaintiff is a railroad corporation and has *said property in its possession* and that defendant in its answer claims a special interest in the same for work and material bestowed upon it in overhauling," etc., "and that the jury, by its verdict aforesaid, has assessed the value of defendant's special interest therein at the said sum of three thousand eight hundred dollars, it is therefore considered and adjudged that defendant have judgment against the plaintiff and its security, to-wit, The Title Guarantee and Trust Company, of Scranton, Pennsylvania," etc.

The plaintiff is a railroad corporation with headquarters at Jonesboro in the State of Arkansas. The defendant has a foundry and machine shop at Springfield, Missouri. On June 22, 1904, A. J. Kerfoot, general manager of plaintiff, wired defendant to know if it could put in half side sheets in a locomotive boiler. Defendant's reply was "yes, can begin work promptly." On the same day the engine was sent to Springfield, and also a letter written by plaintiff to defendant, explaining the work required and saying plaintiff would send its machinist, who would go over the entire engine with defendant, and that defendant was to do any additional work on the engine the machinist might direct, adding, "If you are not in a position to do any machine work, our man can get Mr. Hancock to do the work at the time he is working on the tires, but if you are in a position to do machine work and will do it as reasonable as the 'Frisco then our man will have instructions to give you this part of

the work." On the following day defendant replied by letter: "Beg to advise that we are in a position to do all kinds of machine work and will be pleased to take up this matter with your representative when he calls, and have no doubt but that we will be able to make a satisfactory adjustment with him." On the following day plaintiff sent M. C. Azime, its machinist, to defendant with a letter stating that he was authorized to make a contract, and "you will please do the work as instructed by him," and concluded by saying, "If you succeed in doing us good work, we will send you other engines from time to time, and will give you all our work of this class, instead of the 'Frisco railroad." On June twenty-seventh defendant wrote plaintiff that it was impossible to estimate the cost of the repairs, after having examined the engine, but that it "would keep the cost down as low as possible and charge only a fair margin of profit" thereon, and would do a first-class job as reasonable as possible. On the twenty-ninth day of June, plaintiff replied that it appreciated defendant's "friendly words, as to cutting down the cost as low as possible, charging us only a fair margin for your profit." After this, considerable correspondence was had between the parties, in respect to the details of the work, until August twenty-fourth, when defendant wrote plaintiff that the work would be finished by September first, and asked it to send a man up to inspect the work and O. K. the bills. On September third, plaintiff sent Mr. Nelson to Springfield with authority to inspect the work, receive or reject it, and pass upon the bills. Defendant's evidence tends to show that Nelson brought a man with him who inspected the work and that Nelson accepted it, then asked for the bills. The bills were given him and he reported to plaintiff's general manager, and on the next day telephoned defendant that he was "instructed not to accept the bill on account of the excessive charges." Defendant's evidence tends to show that the actual cost of the labor and material in making the repairs was

three thousand six hundred dollars, that the charge or cost was reasonable and that a margin of eight hundred dollars profit was reasonable. Plaintiff's evidence tends to show that defendant was not well equipped for doing machine work and that its charges were excessive and exorbitant, and that two thousand dollars would be a reasonable charge for the repairs, which sum it tendered defendant in September and again before bringing the suit and renewed the tender at the trial.

The return of the sheriff to the writ of replevin is as follows: "Executed the within writ by taking a bond in the sum of $——— of defendant payable to plaintiff for the delivery of the within specified goods, chattels and property in the event it is adjudged by the court that plaintiff is entitled to the possession thereof, as is shown by said bond herewith filed." No such bond appears in the record before us. The following is in the bill of exceptions:

"It is agreed that when the officers went to take said engine and tender from the possession of the defendants and deliver same to the plaintiffs that each party was to have a man present to pass upon said engine, that upon said agreement each party did have a man there to examine said engine at said time and no objection was made by either party to the condition of said engine."

To prove its account, the defendant offered in evidence a number of labor slips to show the number of hours of work expended on the engine and tender. The following is a sample of these slips:

"United Iron Works Company Labor Report—Boiler Shop.

Date 7-25, 1904.

"Name—J. McGinnis.

Check No. 240.

"Order 5555—Work on boiler—3 hours.

"Approved—D. M. O.

"Foreman."

These slips or checks were objected to by plaintiff on the ground that they had not been properly identified. It appears from the defendant's evidence that each employee of defendant was required, at the end of his day's labor, to make out and hand to the foreman of the department in which he worked, a time slip or card; that if the card was found correct it was O. K'd by the foreman and thus became the original evidence of the number of hours the employee labored on the day of the date of the card. An insignificant number of cards were admitted in evidence that were not fully identified.

The court gave the following instructions for the defendant:

"1. The court instructs the jury that engine No. 17, involved in this suit, is the property of the plaintiff, but you are instructed that, notwithstanding that fact, plaintiff is not entitled to the possession thereof, in this action, if the defendant, at the instance and request of the plaintiff, had furnished material and performed labor in the general overhauling and rebuilding, repairing and refitting thereof, for which it had not been paid and for the security of which it was holding said engine when taken by plaintiff under the writ of replevin in this cause. And, if you so find, your verdict should be for the defendant. If you so find for the defendant and further find and believe from all the evidence, that defendant was to do such work and furnish such material, in overhauling, refitting, rebuilding and repairing said engine, as requested by plaintiff, and was to be paid therefor the cost of such material and work to the defendant, with a reasonable margin of profit added thereto, and that defendant has complied with its part of said contract and agreement, then you will, in your verdict, finding for defendant, assess and find in favor of defendant, in such sum as you may believe and find, from all the evidence, to have been the reasonable cost, to the defendant, of the material and work expended on said engine,

at such instance and request of plaintiff, plus such a sum as you shall find, from the evidence, to be a reasonable margin of profit thereon, to the defendant, and to the sum so ascertained the jury may add interest at the rate of six per cent per annum from Sept. 1, 1904, the date of the completion of such work, to the present time.

2.    The court instructs you that a proposition submitted by letter, if it is accepted by the party to whom it is made, constitutes in law, a valid and binding contract between the parties thereto.    If, therefore, you believe, from the evidence in this case, that the defendant, by letter, submitted to the plaintiff a proposition to repair the engine and tender in controversy, upon the basis of a fair margin of profit on the labor and material bestowed thereon by it, and that such proposition was accepted by the plaintiff, then this constitutes, in law, a contract between the parties for the performance of said labor and furnishing of said material for said engine."

The following instruction, asked by plaintiff was refused:

"8.    If defendant company, the United Iron Works, before commencing work on plaintiff's engine, represented to plaintiff railroad company that it was equipped to do the work to be done in overhauling engine 17, then it could not charge more for material or labor, than is customarily charged by other shops that are equipped to do such work, and you will consider any evidence in proof as to what other shops charge for doing this work, or work similar to this, in determining what defendant should recover in this case."

But the following, asked by it, were given:

"3.    That if the jury believe from the evidence that by reason of lack of proper equipment and machinery facilities or by reason of the employment of unskilled labor, more time was expended by the defendant in completing the overhauling and repairing of said engine than would have been expended if said defendant had had better facilities for doing said work or had employed

more skilled and efficient labor, the defendant cannot on those accounts or reason, or on account of either of them, be entitled to recover against defendant in this suit for said excessive time so used in said work upon said engine, occasioned by lack of proper equipment, machinery and facilities, or of labor more skilled and efficient.

"4. If the defendant company represented to plaintiff that it was equipped to completely overhaul and repair the engine in question, and as a matter of fact was not so equipped, and by reason of which used more labor and charged more for time than would have been necessary to have been used in a shop fully equipped, you should not allow any amount for time required by reason of lack of proper equipment by defendant.

"5. The jury are to determine from the evidence and from the opinion of witnesses given upon this subject what, in this case, should be a fair margin of value to allow to defendants as profits on said contract."

BLAND, P. J. (after stating the facts.) —1. The return of the sheriff to the writ of replevin shows that he took a forthcoming bond from the defendant for the delivery of the engine and tender, if it should be adjudged that plaintiff was entitled to their possession. The statute (sec. 4466, R. S. 1899) provides that a defendant in a replevin suit may give such a bond and retain possession of the property to abide the judgment of the court. In its judgment the court found the plaintiff was put in possession of the property by virtue of the writ of replevin and retained the possession thereof, and rendered judgment accordingly. Plaintiff insists that the finding of the court, that plaintiff was in possession of the property, is contradicted by the record in the case, and that the judgment is such a judgment as the court was not authorized to render upon the facts as they appear from the record. The writ of replevin is a part of the record proper in the case, and the return of the sheriff on the writ is conclusive on the parties to the

suit. [Keating v. City of Kansas, 84 Mo. l. c. 418, and cases cited.] And the rule that estops the parties to deny the return of the sheriff to personal service to the writ of summons, extends as well to all other returns which the sheriff is required by law to make upon the writ. [Mason v. Perkins, 180 Mo. l. c. 707, 79 S. W. 683; Sams v. Armstrong, 8 Mo. App. 573.] Another rule that comes in play on account of the condition of the pleadings in the case is, that admissions made in the pleadings are solemn judicial admissions, made for the purpose of the trial, and the party making them is absolutely concluded thereby. [Knoop v. Kelsey, 102 Mo. 291, 14 S. W. 110; Seibert v. Allen, 61 Mo. 482; Weil v. Posten, 77 Mo. 284; Bruce to use of Pullis v. Sims, 34 Mo. 246; Davis v. Bond, 75 Mo. App. l. c. 35, and cases cited; Call v. Moll, 89 Mo. App. 386; Cousins and Hahn v. Bowling, 100 Mo. App. 452, 74 S. W. 168.]

The answer of the defendant specifically alleged that plaintiff had replevied and taken the property from its possession and prayed for its return. The reply, not directly, but substantially, admits these allegations by averring a state of facts showing that the property was delivered to it under the writ of replevin. And the agreement in evidence, to the effect that each party had a man present with the officer to examine the engine and tender when the officer took them from the possession of the defendant and delivered them to the plaintiff, in our opinion, shows conclusively that the case was not only tried upon the theory that the property was delivered to plaintiff, but that no other theory was advanced, thought of, or suggested until the case reached this court on the appeal, and the plaintiff is bound by the attitude it assumed in the trial court and cannot contest the proceedings here on a theory diametrically opposed to that attitude. [Benton Land Co. v. Zeiter, 182 Mo. 251, 81 S. W. 193; Dice v. Hamilton, 178 Mo. 81, 77 S. W. 299; Meyer Bros. Drug Co. v. Bybee, 179 Mo. 354, 78 S. W. 579; Gayle v. Missouri Car & Foundry Co., 177 Mo. 427,

76 S. W. 987; North St. Louis B. & L. Assn. v. Obert, 169 Mo. 507, 69 S. W. 1044; Krup v. Corley, 95 Mo. App. 640, 69 S. W. 609; MacDonald v. Tittman, 96 Mo. App. 536, 70 S. W. 502; Heman v. Larkin, 108 Mo. App. 392, 83 S. W. 1019.] And we think that, irrespective of the sheriff's return, the appeal should be disposed of on the theory that the plaintiff was in the possession of the property, for the reason that fact was admitted by the pleadings, was shown by the evidence and the case was tried upon that theory.

2. The objection to the time slips as evidence is without merit. They were the original memoranda of the number of hours of work performed by each workman, who worked upon the engine, made from day to day as the work progressed, and were, according to all the authorities, admissible in evidence. [The Anchor Milling Co. v. Walsh, 108 Mo. 277, 18 S. W. 904; Robinson v. Smith, 111 Mo. 205, 20 S. W. 29; Missouri E. L. &. P. Co. v. Carmody, 72 Mo. App. 1. c. 541.]

3. Under instruction numbered 1, given for defendant, the jury were authorized to find for it the cost of the work and material expended in repairing the engine and tender, plus a fair margin of profit thereon. Plaintiff's refused instruction numbered 8, restricted defendant's right of recovery to what would have been the customary charge for the work and material by other shops equipped to do such work; and plaintiff contends that the case was tried on the theory comprehended by its eighth refused instruction. This contention is not borne out by the record. Defendant introduced one expert witness, W. C. Mitchell, from East St. Louis, Illinois, who, over the *objection* of defendant, testified what he thought his shop (East St. Louis Locomotive & Machine Shop) would do the work for. The actual agreement made was that the defendant should do the work, keep the cost down as low as possible and charge only a fair margin of profit thereon, and the defendant adhered to the contract throughout the trial. There was

a good deal of evidence tending to show that the defendant was not as well equipped to do the machine work as some other shops; and evidence tending to show that more time was expended in doing the work than should have been, or would have been, if the defendant had been well equipped for the work. Defendant's instruction numbered 1 submitted the case on the contract as made. Plaintiff's instructions given restricted defendant's right of recovery to what the cost would have been had the defendant been, as it represented itself to be, well equipped to do the work. Taken together, the instructions submitted the case on the exact theory on which it was pleaded and tried, and we think they are unobjectionable.

4. Defendant's second instruction left it to the jury to find whether or not a contract was made. The contract was made by the letters that passed between the parties, and the court should have so declared to the jury. [Falls Wire Mfg. Co. v. Broderick, 12 Mo. App. l. c. 385; Eagle Mill Co. v. Caven, 76 Mo. App. l. c. 462.] But the instruction correctly interpreted the contract to the jury and left nothing for them to find but whether or not a contract was entered into. They found there was a contract and, the court having correctly interpreted it to them, no harm was done. [Nelson v. Hirsch & Sons Co., 102 Mo. App. l. c. 513, 77 S. W. 590.]

5. It is insisted by the plaintiff that the evidence fails to show a demand of payment of the account on September 1, 1904, or on any other date, and that the instruction authorizing the jury to allow interest on the account from September first, was erroneous. Our statute (sec. 3705, R. S. 1899) among other things, declares that creditors shall be allowed to recover interest at the rate of six per cent per annum on all accounts after they become due and demand of payment is made. The contention is, that there is no evidence of demand of payment of the account. The evidence shows the defendant notified plaintiff, on August twenty-fourth, that the work

would be completed on September first, and requested that it have a man there to inspect and approve the work and O. K. the bills. The inspector did not arrive until September third, when he inspected the work, made some objection to the way some of the rivets were put in, which was corrected, and then pronounced the job a good one. The bills were looked over by the man sent, who then went away and on the next day telephoned plaintiff that he was instructed not to accept the bills on account of excessive charges. Nothing was said in the contract in respect to the time in which payment for the work should be made, therefore, payment was due when the work was completed and the engine and tender made ready for delivery. This happened on September first, and we think defendant's letter of August twenty-fourth to plaintiff, notifying it that the work would be completed on September first, with a request to send a man authorized to accept the work and O. K. the bills, was, substantially, a demand for payment of the bills, within the meaning of the statute. To make a demand of payment it is not necessary to use the word "demand" or other formal words of demand; any intimation to the debtor that payment is desired, we think, satisfies the statute and entitles the creditor to interest on his account. [Miller v. Davis, 88 Me. 454; Truax v. Parvis, 32 Atl. 227; Vandolah v. McKee, 99 Mo. App. 342, 73 S. W. 233.]

6. The verdict reads: "We, the jury, find the issues for the defendant and assess the value of its special interest in the engine at thirty-eight hundred dollars." It does not find the issues in respect to the tender, and in this regard is defective. But this defect was not complained of in the court below, in the motion for new trial, or otherwise, and for this reason cannot be complained of on appeal. [Hopper v. Hopper, 84 Mo. App. 117; Ring v. The Chas. Vogel Paint & Glass Co., 44 Mo. App. 111.] But complaint is made of the action of the court in supplementing the verdict of the jury, by finding that

defendant should have the thirty-eight hundred dollars assessed by the jury, or the possession of both the engine and tender. The verdict is sufficient to sustain the judgment as to the engine. [Kronck v. Reid, 105 Mo. App. 430, 79 S. W. 1001.] But there was no finding by the jury as to the amount defendant should have for repairs on the tender, or that it had any special interest in the tender, and to this extent the judgment is clearly erroneous. but the error is one that may be corrected by striking out the word "tender" in the judgment wherever it may occur therein; and the correction can be made here without remanding the case.

7. Defendant, for the sheriff, filed a motion asking that the sheriff be allowed to amend his return to show that he took a delivery bond from the plaintiff and took the engine and tender from the possession of the defendant and delivered possession thereof to the plaintiff. We heard evidence in support of this motion, tending to show that the sheriff actually took the property from the defendant and delivered it to the plaintiff. Suggestions in opposition to the motion have been filed by the plaintiff, in which the authority of this court to allow the amendment is challenged. The views we have taken of the case makes it unnecessary to allow the amendment or to discuss the question as to the authority of this court to make an order allowing the amendment, therefore, without passing on the question, we will simply deny the motion. The judgment will be amended, as above indicated, and affirmed as amended. *Nortoni, J.,* concurs; *Goode, J.,* not sitting.