CURTIS DURLAM, Administrator, Appellee, v. STEELE & JENKS, Appellants.

1. **Estoppel:** FACTS NOT CONSTITUTING. The defendants had, by written contract, purchased of S. the oats raised upon certain leased land, and the plaintiff in this action seeks to recover of the defendants the value of the oats, on the ground that he has a lien thereon for the rent of the land. S. having refused to deliver the oats to the defendants, they had replevied them under the written contract, and the plaintiff was a witness in the replevin suit, and knew of the sale of the oats, but made no objection thereto. *Held*, that since the rights and obligations as between the defendants and S. were absolutely fixed by their contract, and the defendants were in no way misled by the plaintiff's silence to their detriment, the plaintiff was not estopped to demand of the defendants the value of the oats, and that allegations of his conduct in this regard were immaterial as a defense.

2. **Estates of Decedents:** ADMINISTRATOR'S RIGHT TO RENTS OF LAND: PRESUMPTION. When no heir is present and competent to take possession of the real estate of a decedent, or when the court so directs, the administrator may collect the rents. (Code, sections 2402, 2403.) When there was no heir resident in the county where the land belonging to the estate of a decedent is situated and several of the heirs are nonresidents of the state, and it appeared that, several years before, the administrator had made application to the court for leave to rent the land, alleging that there were no heirs present and competent to take charge of it, and it did not appear what order the court made upon the application, but it did appear that the administrator had ever since had possession of and rented the land; *held*, that in the absence of a showing to the contrary, the administrator must be presumed to have the right to maintain an action for the collection of the rent.

3. **Finding of Court:** EVIDENCE TO SUPPORT. The finding of a court in an action at law stands as the verdict of a jury, and it can not be reversed on appeal when the evidence is conflicting.

*Appeal from Carroll District Court.*—HON. J. P. CONNOR, Judge.

WEDNESDAY, MAY 24, 1893.

ACTION by the plaintiff to recover the value of certain oats, claimed by him by virtue of a landlord's lien

for rent due and unpaid. Answer in denial, and plea of estoppel. Jury waived, trial to the court, and judgment for the plaintiff, from which the defendants appeal.—*Affirmed.*

*F. M. Powers* for appellants.

*Beach & Hoyt* for appellee.

KINNE, J.—The defendants are grain dealers residing at Coon Rapids, Iowa. On July 29, 1890, by written contract they purchased of one A. W. Sexton one thousand bushels of oats. The oats were grown on land belonging to the estate of one S. D. Belding, deceased, and the plaintiff was the administrator of the said decedent. The plaintiff claims to have leased the land to Sexton for the year 1890 for three hundred dollars rent, to be paid whenever demanded, and says that, while the rent remained unpaid, the defendants purchased the oats of Sexton. The defendants deny generally, and plead by way of estoppel that the plaintiff, by his acts and statements to the defendants, consented to, and acquiesced in, the sale and purchase of the oats, with full knowledge of all the facts, and that the defendants, relying thereon, made said purchase. They also say "that the plaintiff was a witness for the defendant in the case of Steele & Jenks v. A. W. Sexton, tried in this court at the September term, and as such witness was present at the trial, and at no time since the determination of said trial did the said plaintiff make any claim whatever to said oats; that at the said trial the issue was, was Steele & Jenks, or A. W. Sexton, entitled to the possession of the oats now in question in this cause."

I. On motion of the plaintiff, that part of the defendant's answer quoted above was stricken out, as being immaterial, irrelevant, and constituting no defense to the action. The

1. ESTOPPEL: facts not constituting.

defendants insist that in this the court erred. It appears that, after the defendant had purchased the oats, Sexton refused to deliver them, whereupon the defendants replevied the oats. On this trial the plaintiff was a witness, and, as is alleged, made no claim to said oats. It is contended that the facts alleged in that part of the answer quoted, if true, constitute an estoppel, or, if not, that at least they were material, in connection with the other facts pleaded. The matter stricken out did not constitute an estoppel, nor could it in any event be material to the controversy. It appears that, prior to this suit between the defendants and Sexton, they had made their written contract for the oats. They were by the suit seeking to enforce that contract. As between the defendants and Sexton, the defendants were the owners of the oats prior to their bringing the replevin suit. The contract which had before that time been entered into fixed the liability of the defendants as purchasers of the oats, so far as Sexton was concerned. It is not alleged that by virtue of the plaintiff's silence at the trial, or afterwards, or by his failure to claim the oats, the defendants were led to do, or did, anything not required by their contract with Sexton, whereby their situation with reference to the oats was changed to their detriment. Their liability to Sexton had been created long prior to the time set out in the answer, and could not be changed by the plaintiff's failure to act.

II. It is said that the administrator had no authority to bring the suit; that he has not shown

2. ESTATES of decedents: adminstrator's right to rents of land: presumption.

that there are no heirs present and competent to take possession of the real estate, and hence he is not the proper party to maintain a suit to collect rents of real estate which have accrued since Belding's death. Our statute provides: "If there be no heir or devisee present and competent to take possession of the real estate left by such decedent, the executor may take possession

of such real estate, and demand and receive the rents and profits thereof, and do all other acts relating thereto which may be for the benefit of the persons entitled to such real estate." Code, section 2402. Section 2403 makes provision for the application of the profits of such real estate, under the direction of the court, to the payment of taxes, debts, and claims in certain cases.

It is true that the administrator could not maintain an action for these rents if there was an heir present and competent to take possession of the real estate; and it may be conceded that it is incumbent on the administrator to establish that fact. *Shawhan v. Long,* 26 Iowa, 488. It is shown without conflict that there are no heirs of deceased living in Carroll county, Iowa; that several of them are nonresidents of Iowa; that that in 1886, plaintiff made application to the proper court for authority to lease the land of the decedent; that it was averred in said application "that there are no heirs at law present and competent to take charge of said real estate." The plaintiff has been in possession of such real estate, and leased the same, ever since said application was made. True, it does not affirmatively appear as to whether the court in 1886 granted the prayer of the petition, and ordered the administrator to lease the land, but no claim is made in argument that an order was not made as prayed. The order was asked in 1886 on the ground that there were no heirs present and competent to take possession of the real estate. If granted, the presumption would be, in the absence of evidence to the contrary, that they continued to be absent, and not competent to take possession of the real estate. Such presumption would prevail until overcome, and the burden was on the defendants to show the contrary. This they have failed to do. While the fact that the administrator had been in possession of the real estate, receiving the

rents and profits, would not, in the absence of other proper evidence, show his right to maintain this action, yet where, as in this case, the evidence tends to show, and it is virtually conceded, that there were no such heirs in 1886, his possession of the land, and renting it since that time, especially in the absence of any evidence to the contrary, justifies the conclusion that such possession was rightful. Under the evidence we think the court properly found that the plaintiff had authority to bring the action.

III. It is claimed that the evidence supports the defendants' plea of estoppel. The evidence is conflicting, and, as it is sufficient to maintain the finding of the court below, we can not disturb the judgment.

3. FINDING of court: evidence to support.

Some other errors are assigned which, in our view of the case, are not prejudicial, and need not be considered. The findings of the court stand as the verdict of a jury, and, supported, as they are, by the evidence, the case must be AFFIRMED.