MARGARET KOCHER v. NELSON PALMETIER, Appellant.

**Title to Personal Property:**    INSTRUCTIONS. In an action for the possession of cattle bought by defendant of plaintiff's husband, on the ground that plaintiff furnished her husband with the purchase money, where there was evidence that M. was the agent of defendant, an instruction that, if plaintiff's husband purchased the cows, said cows and their increase would be the husband's property, unless the plaintiff afterwards purchased them from her husband, and notice of her claim was given to M., was proper.

CONFLICTING EVIDENCE: *Instructions.* Where the evidence as to whether plaintiff or her husband purchased the cattle in controversy was conflicting, an instruction that, if plaintiff purchased them, such cows and their increase would be her property, was proper.

**Evidence:** PROVING LOAN: *Letters of lender.* Where plaintiff claimed that she borrowed money from friends in another state, with which the cattle in controversy were purchased, letters received by her from such parties, showing that they had sent her money as requested, were properly admitted in evidence.

PLEA AND PROOF: *Proving needless allegation.* Where plaintiff alleged in her complaint for the possession of cattle that she was the owner, and in her reply set up fraud in a bill of sale of them obtained by the defendant from her husband, proof of the fraud was not essential to plaintiff's right to recover, since proof of ownership would entitle her to possession.

**Amendments:** NON-PREJUDICIAL. Where defendant asserted title to the property in controversy under a bill of sale from plaintiff's husband, the fact that plaintiff was allowed, during the examination of her witnesses, to amend her reply by setting up fraud in procurement of the bill of sale, was not prejudicial to defendant, where he did not ask for a continuance, and all the witnesses who were present at the execution of the instrument were in attendance.

PRACTICE: *Striking evidence.* Where plaintiff claimed that she furnished her husband the money to purchase the cattle in controversy, and the evidence tended to show that defendant had notice of such fact, a motion by defendant to strike out all evidence tending to show a sale of the cattle, or any part

of them, by the husband to plaintiff, for the reason that the pretended sale was not in writing, signed and acknowledged by the husband, and recorded as required by law, and because there was no claim that defendant had actual notice of plaintiff's ownership until after the sale to him, was properly denied.

VERDICT: *Form.* The fact that a verdict had a paper attached to it, signed by the foreman of the jury, in which the value of the cattle in controversy was stated in a different form, but without any variation as to amount, did not invalidate the verdict.

**Review on Appeal:** CONFLICT IN TESTIMONY. Where the jury, on a conflicting statement, found for plaintiff, the court, on appeal, will not disturb the verdict.

OBJECTION BELOW: *Pleading.* Where defendant did not object to the description of the property in the complaint, but admitted its identity in his answer, he cannot object to the sufficiency of such description, on appeal.

FAILURE TO ADDUCE EVIDENCE OF ESTOPPEL BELOW. Where defendant pleaded estoppel of plaintiff to assert title to a part of the cattle in controversy, and offered no evidence to support such plea, the contention that plaintiff was estopped cannot be urged on appeal.

*Appeal from Calhoun District Court.*—HON. S. M. ELWOOD, Judge.

TUESDAY, OCTOBER 9, 1900.

PLAINTIFF, claiming to be the absolute owner of certain 14 head of cattle, brings this action to recover the possession thereof, or their value, alleged to be $340, from the defendant, and damages for the wrongful detention of said cattle. The defendant admits that he is in possession of said cattle, and that they are of the value alleged, but denies that plaintiff is the owner or entitled to the possession thereof, and claims that he is the absolute owner of said cattle, by purchase from plaintiff's husband, Thomas Kocher. Verdict and judgment were rendered in favor of the plaintiff, and defendant appeals.—*Affirmed.*

*L. W. Moody* and *Stevenson & Lavender* for appellant.

*D. M. Kelleher* for appellee.

GIVEN, J.—I. Each party claims the right to the possession of the cattle in controversy by virtue of absolute ownership, and the controlling question is as to which party is the owner. Plaintiff's claim of ownership is based upon evidence tending to show that she furnished the money with which the four cows described were purchased, that it was agreed between her and her husband that said cows and their increase should be her property, and that the cattle described are of the increase from said cows. The defendant's claim rests upon evidence tending to show that plaintiff's husband, Thomas Kocher, occupied a farm of the defendant's as his tenant for four years, the plaintiff residing thereon with her husband; that the four cows, when purchased, were taken onto said farm, and their increase were raised thereon; that by reason of said tenancy Thomas Kocher became indebted to the defendant for rent, and in payment thereof, on February 7, 1898, executed to the defendant an absolute bill of sale of said cattle and certain other personal property then on said farm. There is a controversy as to whether the defendant had notice of plaintiff's claim to the cattle when he took said bill of sale.

II. During the examination of Thomas Kocher, called by the plaintiff, plaintiff was permitted to amend her reply, alleging fraud on the part of the defendant in procuring said bill of sale. Of this, defendant complains, contending that it presented a new issue, and that he was taken by surprise, and was not allowed time within which to prepare to meet said new issue. The defendant did not ask for time, and it is evident that none was needed, as the fraud alleged was in procuring the bill of sale, and all of the persons present at the execution of the bill of sale were in attendance and examined as witnesses on the trial.

III. Complaint is made that the instructions "are disconnected, incoherent, not a statement of the law,

and bungling to a painful degree." The instructions do not warrant any such criticism. It is specifically complained that in the seventh instruction the court told the jury that, if plaintiff's husband purchased the two cows from Palmetier that were purchased from him, said cows and their increase would be the husband's property, unless they found that the plaintiff afterwards purchased the cows from her husband, and that notice of her claim was given to Mr. Moody. The complaint is that there was no evidence that Mr. Moody was agent of Palmetier. But not so. There was evidence upon which the jury was warranted in finding that Moody was such agent. In the sixth instruction the jury was told that, if plaintiff purchased the other two cows from Mr. Marple, the cows and their increase would be her property. It is contended that the evidence shows, without conflict, that Mr. Kocher purchased the cows from Marple, and therefore the instruction was erroneous. There is some conflict in the evidence as to who purchased the cows, and the instructions properly submitted that question to the jury. We discover no error in the instructions in any of the respects complained of.

IV. Defendant moved to strike all the evidence tending to show a sale of these cows, or a part of them, by Mr. Kocher to the plaintiff, "for the reason the pretended sale was not made in writing signed and acknowledged by Thomas Kocher, and recorded, as required by law, so as to impart constructive notice to the defendant, and there being no claim that defendant had actual notice of plaintiff's claim of ownership until after the sale was made to him." The evidence tends to show that Mr. Kocher purchased the two cows from Palmetier, and that the plaintiff furnished the money to pay for them upon an agreement with her husband that she should stand as the purchaser and absolute owner. It is claimed, and, as we have seen, there is evidence tending to support the claim, that defendant did

have actual notice. We do not think, under the record, that there was any error in overruling this motion.

V. Appellant next urges that the court erred in not granting a new trial because the verdict is not supported by the evidence. Possibly, if it were our province to pass upon the facts, we might reach a different conclusion from that arrived at by the jury; but the issues having been submitted under proper instructions, and the jury having found as it did, we are not warranted in disturbing its verdict as not being supported by the evidence.

VI. It is urged that defendant's motion in arrest of judgment should have been sustained, because the petition is not definite and specific enough in describing the property. The defendant made no such question in his answer, but admitted the identity of the property, that it was of the value of $305, and that he was in possession thereof and claimed title thereto. We think the petition was sufficiently specific in its description of the cattle, but, if not, the defendant should not now be heard to raise that question, in view of his answer.

VII. Plaintiff claimed to have borrowed the money from friends in Illinois with which to purchase the cows, and in support of that claim offered in evidence certain letters received from said parties, showing that they had sent her money as requested. It is urged that the proper foundation had not been laid for the introduction of these letters, and that they were immaterial. We do not so view the record, and think they were properly admitted.

VIII. Appellant contends that the court erred in receiving the verdict in the form in which it was. Attached to the verdict, which was in proper form, was a paper signed by the foreman enumerating the value of the five calves, four steers, one red and one black heifer, two red and two black cows. In the verdict proper the

same valuations are given; the only difference being that, in the sheet attached, each of the heifers is valued at $20, while in the verdict the two are valued at $40. In the sheet attached the two red cows are valued at $60 and the two black cows at $60, while in the verdict the four are valued at $120. There can be no doubt whatever as to what the jury intended by its verdict, and therefore there was no error in receiving it.

IX. Defendant contends that plaintiff was estopped from claiming the property because she permitted her husband to mortgage it in his own name, and to list it for taxation in his own name, and never told the defendant of her ownership until after he had purchased the property. It is a familiar rule that matters in estoppel must be specifically pleaded. The only estoppel pleaded by the defendant is as to the four steers, for the reason that plaintiff consented to the sale thereof to one Ripke, who purchased the same from the defendant. The burden was on the defendant to sustain this plea, but he failed to offer any evidence whatever in support thereof.

X. Finally, it is contended by defendant that the plaintiff failed to prove the allegations of her petition and reply before she rested her case. Her right to recover does not necessarily depend upon her proving the allegation of fraud in her reply. If she was the owner of the cattle, and the defendant purchased from her husband with notice of her ownership, plaintiff is entitled to recover, even though the bill of sale was not fraudulently procured. We think this last contention is not well taken, and our conclusion is, upon the whole record, that the judgment of the district court should be AFFIRMED.

GRANGER, C. J., not sitting.