## KRONCK, Appellant, v. REID, Respondent.

### St. Louis Court of Appeals, March 1, 1904.

1. **APPELLATE PRACTICE:** Brief of Appellant. Where the appellant's "statement, points and argument" contains no statement of the pleadings or facts shown by the record, no enumeration of the legal propositions relied upon, nor any assignment of errors alleged to have been committed by the trial court, the appellate court would be warranted in affirming the judgment.

2. ———: Affirming for Failure. Where an appeal has not been perfected in time for the term of the appellate court to which it is returnable, the cause will nevertheless not be affirmed for such failure, unless the respondent properly takes advantage of such failure by fulfilling on his part the conditions of section 812, Revised Statutes of 1899.

3. **VERDICT:** Proper Judgment on Informal Verdict. A verdict which is improper in form is sufficient to sustain the judgment rendered thereon in accordance with the testimony.

Appeal from St. Charles Circuit Court.—*Hon. E. M. Hughes,* Judge.

Affirmed.

*John J. Stahlschmidt* for appellant.

*C. W. Wilson* and *F. A. Heidorn* for respondent.

(1) Appellant's so-called "statement, points and argument" filed in this cause is no compliance with these rules, and the cause should be dismissed for this reason. Rule 19 of rules of practice; McCullom v. Ulen, 87 Mo. App. 606; R. S. 1899, sec. 863. (2) If the appeal is not dismissed for the reason assigned above, the judgment should be affirmed because the appellant failed to comply with the requirements of sections 812 and 813, Revised Statutes of 1899. The bill of exceptions was filed in this cause September 9, 1901. It was the duty of appellant to have perfected his appeal by filing the transcript in this court fifteen days before the first day of the March term, 1902, of this court. He did not file his transcript until — — —, 1902. The cause should be dismissed for this cause. R. S. 1899, secs. 812, 813; Johnson v. Riggs, 67 Mo. App. 491; Laundry Co. v. Ins. Co., 62 Mo. App. 11; Dore v. Smith, 59 Mo. App. 58; Sosman & Landis v. Conlon, 59 Mo. App. 313. (3) The judgment is right in form and in favor of the right party, and should be affirmed. Clarkson v. Jenkins, 48 Mo. App. 221; Herring v. Corder, 49 Mo. App. 378; R. S. 1899, sec. 4475; Dillard v. McClure, 64 Mo. App. 488.

REYBURN, J.—The record in this case is made up of about one hundred and fifty typewritten pages, and the appellant exhibits in his brief what he terms his "statement, points and argument," occupying two full and two fractional pages of printed matter. This tract

fails to comply with the rules of practice prevailing in this court, and section 863 of the present statutes, in every particular and requirement: it does not contain any statement of the pleadings or facts shown by the record, no enumeration of the points or legal propositions made or relied upon, nor is any assignment of the errors alleged to have been committed by the trial court therein contained. Neither is any testimony, in full or abstracted, on the part of plaintiff, or defendant, set out, nor any exceptions saved against the rulings of the trial court exhibited. No authorities and no argument deserving such description are submitted, but in lieu there is but a confused commingling of a limited number of references to the bulky record and assertions of conclusions on behalf of the appellant. It is needless to add that under such condition of this record this court would have been fairly warranted in affirming the judgment below without going further. We, however, refer to the condition, in which the case is presented to this court, as an earnest protest against the unnecessary labor so frequently imposed on this court by failure to comply with the clear language of the statute, as well as of the rules adopted and controlling the practice in this court.

2. This appears to be an action, in which the plaintiff by a writ of replevin sought to recover possession of a pair of horses. The proceeding was inaugurated before a justice of the peace of St. Louis county, which, after a change of venue, was tried before a jury, which returned a verdict for the defendant, and plaintiff appealed therefrom to the circuit court of St. Louis county, and subsequently took a change of venue to the circuit court of St. Charles county, where the case was retried and a jury, on March 23, 1901, again returned a verdict for the defendant which was in the form following:

"We, the jury, find for the defendant Reid, and we further find the value of the horses taken by plaintiff

out of defendant's possession at the time they were taken to be the sum of $200, and we further find that plaintiff is indebted to the defendant at the time under the contract of August 24, 1899, in the sum of $189.10 (one hundred and eighty-nine 10-100 dollars) together with the amount expended on repairs of vehicle, which is a lien on the horses."

At the same term, being the March term of said circuit court, after plaintiff's motion for new trial had been overruled, an appeal was granted him on April 30, 1901, to this court, wherein the record was filed March 3, 1902, although the appeal under the statute was properly returnable to the next, being the October term, 1901 of this court; respondent, however, has failed to properly take advantage of this non-compliance by appellant in not fulfilling on his part the conditions of the statute (R. S. 1899, sec. 812), and his application to affirm the judgment is denied.

The defendant incorporated in his answer the following contract:

"St. Louis, Mo., Aug. 24, 1899.

"Know all men by these presents that H. S. Kronck has this day borrowed of Oscar Reid the sum of one hundred dollars, and delivered to said Oscar Reid as security for the payment thereof the following described property, to-wit:  One bay two-year-old gelding named Rappahanock, registered number 32251, and one two-year-old bay filly named Elsie Marie, registered, certificate number 36730, the said Oscar Reid to have and to hold the same until said one hundred dollars and interest at six per cent is fully paid.  It is understood and agreed that said Oscar Reid shall have the right to purchase either or both of said colts within thirty days from date hereof for the sum of one hundred dollars apiece.  Should said Reid so purchase no expense for keeping the colt or colts purchased to be deducted from

said one hundred dollars apiece.   In case said Reid does not elect to purchase as aforesaid, the said Kronck agrees to pay said Oscar Reid for keeping said colts $2.50 apiece, and the actual costs of oats by them consumed and nothing further.   The said H. S. Kronck represents and the said one hundred dollars is advanced by said Reid upon the representation that the said Kronck is the absolute owner of said colts and that they are free and clear from any and all incumbrances, or liens, said one hundred dollars to be paid to said Oscar Reid, in case said Reid purchased neither colt six months from the date hereof should said one hundred dollars not be paid within one year from the date hereof as aforesaid this agreement to constitute and be an absolute bill of sale of the said colts to said Oscar Reid, and the said Kronck shall then have or claim no further interest therein. Should said Reid elect to purchase within 30 days the remaining $100 to be paid cash, $30, $35, in 30 and $35 in 60 days therefrom, the said Kronck to drive both colts.

"O. REID.

"H. S. KRONCK."

The testimony tended to show that the money mentioned in this contract, together with costs enumerated, attending, feeding and caring for the animals, have never been paid; but the plaintiff asserted that defendant was indebted to him for services rendered whereby this indebtedness has been liquidated and cancelled.

At the close of all the testimony the court charged the jury in all instructions submitted and asked by plaintiff, and in five instructions asked by defendant. These submitted the issues fairly and fully to the consideration of the jury and no complaint was made by the appellant respecting them, nor does he indicate any reversible error committed at the trial.   The form of the verdict, which is censured by appellant, is sufficient to sustain the judgment rendered thereon by the court,

which was for the return of the horses to the possession of defendant to be held by him as security, for the sum of $189.10, or at defendant's election that he recover of plaintiff and his sureties said sum. The judgment is accordingly affirmed. *Bland, P. J.,* and *Goode, J.,* concur.