HOME SAVINGS BANK OF IOWA FALLS, Appellant, v. A. C. OTTERBACH.

**Banks and banking:** MISAPPROPRIATION OF FUNDS: RECOVERY. One who accepts a bank draft, issued by the cashier against funds of the bank held by its correspondent, in payment of the indebtedness of the cashier is. charged with knowledge that the draft is drawn on the funds of the bank; and he cannot insist on his right to the proceeds thereof, as against a showing that the cashier acted without authority in transfering it to him.

**Same:** ESTOPPEL. One who is not induced by the action of bank officials to rely on the act of the cashier, in using bank funds

for his own benefit, is bound to know that he had no apparent authority so to do; and he has the burden of showing acts which will estop the bank to deny such authority.

**Same:** RATIFICATION. The attempt on the part of a bank to assert a liability against its cashier for the conversion of its funds, is not a ratification of his wrongful act which will preclude it from following the funds, and from reclaiming them from the person to whom they were wrongfully paid.

**Same:** ELECTION OF REMEDIES. An unsuccessful attempt to enforce liability against one of two parties, jointly liable for a conversion, does not constitute an election of remedies which will relieve the other from liability.

**Same:** JOINT CONVERSION: SETTLEMENT. A settlement with one of two parties jointly liable for conversion must be such as to fully relieve him from further liability, to operate as a discharge of the other.

**Same.** A criminal prosecution against one of two parties jointly liable for the misappropriation of funds, will not constitute an election of remedies, or a settlement, which will relieve the civil liability of the other.

*Appeal from Hardin District Court.*— HON. J. H. RICHARDS, Judge.

TUESDAY, JULY 2, 1907.

ACTION to recover from the defendant $1,030 of plaintiff's funds received by the defendant from one Soule, plaintiff's cashier, in payment of the individual debt of said cashier to the defendant. The affirmative defenses interposed in the answer were that the plaintiff bank elected to treat the payment of the bank's funds to defendant as giving rise to a liability of Soule to the plaintiff bank, and as constituting a part of the indebtedness of Soule, for which action was brought against him by the bank, and also caused Soule to be indicted for embezzlement of the funds of the bank including the money paid to the defendant; and it was alleged that plaintiff was thereby barred and estopped from contending in this action that defendant received the amount in controversy as paid to him from the bank's funds. A

demurrer to defendant's answer being overruled, there was a trial to a jury, and at the conclusion of the evidence a directed verdict for the defendant, from the judgment on which plaintiff appeals.— *Reversed* and *remanded.*

*Nagle & Nagle,* for appellant.

*Bryson & Bryson* and *E. P. Andrews,* for appellee.

McCLAIN, J.— There is no question under the evidence but that on February 23, 1903, E. O. Soule, the cashier and managing officer of the plaintiff bank, was personally indebted to the defendant in the sum of $1,030 upon a promissory note; for while the proceeds of the loan of $1,000 by defendant to Soule for which his individual note was given went into the funds of the bank, such proceeds were received by the bank as the property of Soule, and not as the property of defendant. It is also established beyond question that on demand of payment being made on this individual note, Soule drew a draft of the plaintiff bank on its Chicago correspondent for $1,000 payable to defendant, and delivered said draft to him, and entered a credit in defendant's favor upon his passbook as depositor in the plaintiff bank in the sum of $30; that defendant thereupon surrendered to Soule the personal obligation which he held against the latter; and that subsequently defendant drew out of the plaintiff bank the $30 entered to his credit, and received the proceeds of the draft issued to him.

I.    The transaction involving the payment by Soule of his individual note with plaintiff's Chicago draft would not have been different in legal effect if Soule had paid his debt to defendant by handing over to him at the cashier's window bills taken with defendant's knowledge from the cash of the bank lying on its counter. Defendant was charged with knowledge that the Chicago draft given to him was a draft

1. BANKS AND BANKING: misappropriation of funds: recovery.

drawn on the bank's funds, and, while he might assume for the purpose of being relieved from any criminal liability that Soule was acting under some arrangement with the bank by which he was authorized to use the bank's funds to pay his individual debt, he cannot as against a showing that Soule acted without any authority in thus diverting the funds of the bank insist on the right to retain the funds thus diverted. *Kitchens v. Teasdale Commission Co.,* 105 Mo. App. 430 (79 S. W. 1177).

There was no estoppel as against the bank. Defendant was not by any action of the officers of the bank induced to rely on the authority of Soule to use the bank's funds for

2. SAME: estoppel. his own benefit, and he was bound to know that Soule had no apparent authority to do so. *Lamson v. Beard,* 94 Fed. 30 (36 C. C. A. 56, 45 L. R. A. 822); *Hier v. Miller,* 68 Kan. 258 (75 Pac. 77, 63 L. R. A. 952); *Campbell v. Manufacturers' Nat. Bank,* 67 N. J. Law, 301 (51 Atl. 497, 91 Am. St. Rep. 438); *Wheeler v. Home Savings & State Bank,* 188 Ill. 34 (58 N. E. 598, 80 Am. St. Rep. 161). The burden of establishing an estoppel was upon the defendant, and he has failed to establish the facts essential to constitute such estoppel. *City Bank of Boone v. Radtke,* 87 Iowa, 363; *Durlam v. Steele,* 88 Iowa, 498; *Redhead v. Iowa Nat. Bank,* 127 Iowa, 572.

II.  There was no ratification by the bank of Soule's unauthorized act in using its funds for the purpose of paying his own debt. The bank did attempt to hold Soule

3. SAME: ratification. individually liable for the amount which he had diverted from the bank's funds in payment of his individual indebtedness to defendant, but no ratification of his unauthorized act would arise from the assertion of such a claim on the part of the bank. To assert Soule's liability for the diversion of the funds was not to ratify, but to disaffirm. There was a conversion by Soule of the funds of the bank, and liability for this conversion could be insisted upon without regard to any right of the

bank to follow the funds and reclaim them from the person to whom they had been wrongfully paid. *Kitchens v. Teasdale Commission Co.*, 105 Mo. App. 430 (79 S. W. 1177).

III.   For the reasons suggested in the last preceding paragraph with reference to the question of ratification, we are satisfied that there was no election of remedies on the part of plaintiff by proceeding against Soule which would preclude the prosecution of a claim against defendant. Soule and the defendant were jointly liable for the conversion of these funds by Soule to the payment of his debt, and the liability of one of the wrongdoers would be extinguished only by the receipt by the bank of satisfaction from the other. Unless there has been a binding settlement with Soule relieving him from further liability, there has been no satisfaction which would extinguish the liability of defendant. *Austin Manufacturing Co. v. Decker*, 109 Iowa, 277; *Cushing v. Hederman*, 117 Iowa, 637.

4. SAME: election of remedies.

IV.   Finally, it is insisted that there was a settlement of the bank's claim against Soule, which included his liability for the funds diverted by him to the payment of his individual debt to defendant; but the record does not sustain such a settlement. The only evidence on the question is that of defendant, who testified to a conversation with the president of plaintiff bank, in which the president said that " they had got the money and some property " and $5,000 on Soule's bond. But it appears that an action instituted by the bank against Soule to recover money embezzled by him, including the money paid defendant, is still pending, and there is no showing of facts which would defeat a recovery against Soule. As no settlement with Soule such as would relieve him from further liability is made out, there was not a satisfaction of the claim which would discharge the liability of the defendant as joint wrongdoer.

5. SAME: joint conversion: settlement.

The criminal prosecution against Soule for embezzle-

ment of funds, including the funds paid to defendant, would clearly not constitute an election of remedies or a settlement, for it would not relieve Soule from his liability, and therefore, would not discharge defendant as a joint wrongdoer.

6. SAME.

Our conclusion is that under the evidence which was before the court at the conclusion of the testimony introduced on both sides there was not only error in sustaining the motion of defendant for a directed verdict in his favor, but that there was no evidence on which a verdict if rendered in favor of defendant could have been sustained, and that, therefore, the court should have directed a verdict for plaintiff under its motion made at the same time, and the cause is therefore remanded, with direction to the lower court to enter up a judgment in favor of the plaintiff.— *Reversed* and *remanded.*

WEAVER, C. J., taking no part.