RIKA MANDELKO, Appellee, v. PHILA HINDS, Appellant.

ADVERSE POSSESSION: Nature and Requisites—Use of Driveway
1 in Common. Where the evidence showed that a driveway had been used in common, the defendant's claim that she had been in the adverse possession of a part thereof was not sustained.

BOUNDARIES: Evidence—Burden of Proof—Estoppel. The burden to establish estoppel pleaded by the defendant in an action to quiet title, based upon plaintiff's representation as to the location of the boundary line, was upon the defendant

BOUNDARIES: Evidence—Representations—Estoppel.     Plaintiff's
3 representation to defendant's husband as to the boundary line, made when plaintiff did not know that defendant was seeking to buy the adjoining property, or intended to rely upon her representations, and which did not mislead defendant, did not constitute an estoppel.

*Appeal from Harrison District Court.*—J. B. ROCKAFELLOW,
Judge.

JULY 7, 1919.

REHEARING DENIED SEPTEMBER 20, 1919.

SUIT in equity to quiet title to a narrow strip of land claimed by the owners of adjoining city lots. Decree in favor of plaintiff, as prayed. Defendant appeals.—*Affirmed.*

*H. L. Robertson,* for appellant.

*C. W. Kellogg,* for appellee.

STEVENS, J.—On August 12, 1891, L. M. Kellogg and wife conveyed to Henry Sahn the north one half, and to Charles Mandelko the south one half, of the west 350 feet of the north 100 feet, more or less, of Block 5 in Addis' Addition to the town of Missouri Valley. The former tract was also more particularly described as the north one half,

and the latter as the south one half, of that tract commencing at the northwest corner of said Block 5, running thence east along the north line of said block, 350 feet, thence south 100 feet, more or less, to the north line of the tract heretofore sold by W. F. Blythe and husband to E. Brandriff, thence west along the north line of said Brandriff tract to the west line of said block, thence north to the place of beginning. The language of the two deeds varies slightly, but the above is a correct statement of the meaning thereof.

On November 8, 1902, Owen G. Farnsworth and wife conveyed a part of Lots 2 and 3 in Block 5 of Addis' Addition to Rika Mandelko, plaintiff herein, described by metes and bounds as follows:

"Commencing at a point in the west line of said block one hundred and six (106) feet southward from the northwest corner of said block, running thence southward from the northwest line of said block forty (40) feet, thence eastward parallel with the south line of said block three hundred and fifty (350) feet, thence northward 40 feet, and thence westward 350 feet, to the place of beginning."

On October 30, 1909, Owen G. Farnsworth, widower, conveyed the following tract to Phila Hinds, defendant herein, to wit:

"Commencing at a point on the west line of Block Five (5) in Addis' Add. to the town of Missouri Valley, one hundred forty-six (146) feet southward of the northwest corner of said Block Five (5), thence southward along the west line of said block one hundred twenty (120) feet, thence east, parallel with the south line of said block three hundred fifty (350) feet, thence northward parallel with the west line of said block one hundred twenty (120) feet, thence west three hundred fifty (350) feet to place of beginning."

Defendant, in her answer and cross-petition, describes

her tract as above, except she fixes the starting point 140 feet from the northwest corner of Block 5, instead of 146 feet, as stated in her deed. The controversy between the parties involves the division line between the land of defendant and the 40-foot strip of plaintiff. McGavern Street, which runs in a slightly northwest and southeasterly direction, lies immediately west of Block 5. The driveway, constructed of cinders, extends east and west at right angles with the west line of the block, and, therefore, in a southwesterly and northeasterly direction. McGavern Street is improved by guttering and curbing, and there is a sidewalk in front of Block 5.

At the time plaintiff purchased the 40-foot strip, there was an old barn situated thereon, which the grantor reserved, together with the right to remove the same within two years. The evidence shows that the barn was moved south a short distance; but, if plaintiff's contention is sustained, it was left on the 40-foot strip. It was clearly the intention of her grantor to move the same south onto the land now owned by the defendant. The curbing on the west side of Fifth Street was constructed so as to permit direct access to the driveway. Charles Mandelko and Sahn divided the tracts purchased by them by measuring 50 feet from the northwest corner of the block, and constructing a fence on the line indicated by said measurement, which fence has been since maintained without interruption. There are no fences between the tracts of Charles Mandelko and his wife, or between the tract of the latter and the defendant. The commissioner agreed upon by the parties to survey and locate the line between the tracts of plaintiff and defendant found that there was an excess of land over and above that indicated by the lots platted in Block 5. The competency of his evidence is challenged by counsel for appellant upon the ground that he failed to properly locate the northwest corner of Block 5, but established the same

at a point designated by a civil engineer who claimed to have surveyed and located the same; but, accepting the location thereof as correct, the measurement of the commissioner from that point 146 feet south throws the disputed tract north of the north line of defendant's tract, and coincides exactly with the north line of the Blythe-Brandriff tract referred to in the deeds of Charles Mandelko and Sahn.

The testimony of Seth Dean, the commissioner, leaves some doubt as to whether he actually located the northwest corner of Block 5, or acted upon the information given him by the former civil engineer, who claimed to have placed a gas pipe in the street, 33 feet west of said northwest corner; but it appears to be conceded that the fence between the tract of Charles Mandelko and Sahn is on the true line, and that the latter owns 50 feet north thereof, which coincides exactly with the corner located by Dean.

We think the record quite satisfactorily shows that it was the intention of the Kelloggs to convey to Sahn and Charles Mandelko all of the land lying north of the Brandriff tract, which is the 40-foot strip now owned by plaintiff. There is no dispute as to plaintiff's north line. The line between the tract of the latter and Brandriff does not appear to have been established by agreement or otherwise, but the distance from the line fence between Sahn and Mandelko south to a point 146 feet from the northwest corner of Block 5, as located by Dean, is 96 feet, which coincides exactly with the northwest corner of the Hinds tract, as stated in her deed. We are, therefore, satisfied that the true line between plaintiff and defendant is 146 feet south of the northwest corner of the block, as fixed by Dean, and lies south of the described tract, and that plaintiff, unless defendant's plea of the statute of limitations or estoppel is sustained, is the absolute owner thereof. The evidence does, however, show that a stake was set 90 feet

south of the division fence between Sahn and Charles Man-
delko, and on the north line of the disputed tract, and
tended to show that plaintiff regarded the same as the
southwest corner of her tract; but it does not coincide
with the measurements before stated, and was evidently
so placed on the assumption that Charles Mandelko owned
but 50 feet, and that plaintiff owned a strip immediately
south thereof, 40 feet in width. The true line, however,
evidently leaves the disputed territory upon plaintiff's

tract. Defendant, in her answer, alleges

1. ADVERSE POS-
SESSION: na-
ture and requi-
sites: use of
driveway in
common.

that she has been in the open, notorious,
adverse possession of the disputed strip for
more than 10 years, and also that plaintiff,
before defendant purchased her land, in-
formed her agent that the line was north of the driveway
and barn, and subsequently informed defendant that she
and her husband owned but 90 feet, and that the disputed
territory belonged to her. The evidence shows, however,
that the driveway has been used in common, and does not
sustain defendant's claim of adverse possession.

However, the question of estoppel presents some dif-
ficulty. Plaintiff's grantor, as before stated, reserved the
right to remove the barn from the premises conveyed to

her within two years, and within that time

2. BOUNDARIES:
evidence: bur-
den of proof:
estoppel.

moved the same south of the north line of
the driveway; and plaintiff, apparently at
least, believed that it was moved off of her
tract, and she does not appear to have objected to defend-
ant's claiming and using the same until it was destroyed
by fire, a few years before this suit was commenced. As
before stated, the driveway was constructed at right angles
with the street line, and does not, therefore, for the reason
indicated above, run parallel with the lot lines. Sahn and
Charles Mandelko each constructed 50 feet of sidewalk,

and plaintiff 40 feet, which extended to the north line of the driveway.

Before purchasing her tract, Frank Hinds went with the owner to view the same, and claims that the latter pointed out the north line of the driveway as the north line of the premises he was seeking to buy; that Hinds asked plaintiff where the line was, and that she told him it was along the north side of the barn, which was approximately the north line of the driveway. Sometime after this suit was commenced, plaintiff constructed a garage, immediately east of the driveway, and at substantially the place formerly occupied by the old barn. Plaintiff denied that she stated to defendant's husband that the line was north of the driveway, or that she ever told defendant that the same was on their tract and that she and her husband owned but 90 feet. On account of some trouble existing between the parties, defendant built a fence along the north line of the driveway, and plaintiffs removed it, some three or four years before suit was commenced, claiming, as she testified, that the driveway belonged to her. Defendant testified that nothing was said by plaintiff about the line, when the fence was torn down. The burden of establishing the alleged estoppel rested upon the defendant. Plaintiff was doubtless the owner of the disputed tract, as indicated by all of the deeds offered in evidence. The deeds to Sahn and Mandelko were intended to convey all of Lot 5 lying between the Brandriff tract and the north line thereof, and the deed to the defendant recognized the distance from the northwest corner to the point of commencing as 146 feet, and not 140 feet, as alleged by the defendant.

It is hardly probable that defendant's husband, who was in company with the owner of the tract purchased, relied upon the statement of plaintiff, even if made, that the

north side of the driveway was the line be-
tween the tracts, as he claims that his gran-
tor represented to him that such was the
line.    Plaintiff obviously did not know
where the line was, and never intended either to represent
the matter to Hinds, or to make an admission against her
instead.   The evidence does not show that she knew that
defendant's husband was seeking to buy the property, or
that he intended in any way to rely upon her statement as
to where the line was; moreover, plaintiff denies the state-
ments attributed to her by defendant's husband.

3. BOUNDARIES:
evidence: rep-
resentations: es-
toppel.

In view of the fact that the disputed tract is undoubt-
edly located upon plaintiff's land, together with all of the
other facts and circumstances indicated, we are not in-
clined to ·interfere with the decree of the court below.
Cross-petitioner was not misled to her disadvantage. She
placed no improvements upon the disputed tract in re-
liance upon the alleged statements of plaintiff, but erected
a garage thereon after this suit was commenced.   The con-
troversy between the parties evidently grew out of some
serious ill feeling between them, and all have testified with
more or less effort to justify their side of the quarrel; but,
as above stated, the measurement of the commissioner
agreed upon between the parties, which is supported by
other evidence, locates the disputed strip upon the 40-foot
tract of plaintiff.   The court found she was entitled there-
to, and quieted title in her as prayed; and, while the ques-
tion is somewhat close, we are not disposed to disturb the
court's finding.   Its decree is, therefore,—*Affirmed.*

LADD, C. J., WEAVER and GAYNOR, JJ., concur.