CITIZENS STATE BANK OF EARLHAM, Appellant, v. JOHN F. MARTENS, Appellee.

**BILLS AND NOTES:** Holdership in Due Course—Inconsistent Attitude—Estoppel. The maker of negotiable promissory notes is not estopped to plead fraud in the inception of the notes because he appeared in the insolvency proceedings against the payee and obtained judgment for the amount of the notes (which had been negotiated), and in such proceedings took the position, in effect, that the indorsees were holders in due course, when the evidence fails to show that anyone had *relied* on such course of conduct to his *injury*.

**JUDGMENT:** Conclusiveness—Non-party to Action. Principle recognized that, as a general rule, a party is not bound by an adjudication to which he is not a party.

**BILLS AND NOTES:** Alteration—Filling in Place of Payment. The holder of a negotiable promissory note has authority to fill in the place of payment in a blank provided for that purpose, there being no agreement between the parties relative to such completion of the note.

**BILLS AND NOTES:** Alteration—Evidence—Materiality. Testimony by the maker of a negotiable promissory note to the effect that he had never *authorized* anyone to fill in the place of payment in a blank which had been inserted in the note for that purpose is material (1) on the question whether the note was incomplete when

issued, and (2) on the issue whether there had been any agreement between the parties relative to such completion.

**ALTERATION OF INSTRUMENTS:** Evidence—Law (?) or Jury (?)
5 **Question.** Testimony that a negotiable promissory note had been delivered without any agreement relative to the filling of a blank therein for the place of payment, and that the holder had filled the blank without any authority from the maker, presents, on the issue of material alteration, a question of law for the court, and not a question of fact for the jury. (See Book of Anno., Vol. I, Sec. 11493, Anno. 118 *et seq.*)

**Headnote 1:** 21 C. J. pp. 1231, 1235, 1239. **Headnote 2:** 34 C. J. p. 1043. **Headnote 3:** 8 C. J. p. 185. **Headnote 4:** 2 C. J. p. 1283. **Headnote 5:** 2 C. J. pp. 1292, 1294.

**Headnote 2:** 15 R. C. L. 1006. **Headnote 3:** 3 R. C. L. 875. **Headnote 4:** 31 L. R. A. (N. S.) 644; 1 R. C. L. 1029. **Headnote 5:** 1 R. C. L. 791.

*Appeal from Madison District Court.*—J. H. APPLEGATE, Judge.

OCTOBER 25, 1927.

REHEARING DENIED JANUARY 13, 1928.

Action on two promissory notes. Cause was tried to a jury, which returned a verdict for defendant. Plaintiff appeals.— *Reversed.*

*John A.* and *William T. Guiher* and *William E. Miller,* for appellant.

*Wilson & Shaw* and *Leo C. Percival,* for appellee.

KINDIG, J.—This controversy arose over an attempt by appellant, as plaintiff, to collect two promissory notes from appellee, as defendant. Both are payable to "myself," and indorsed by said John F. Martens, November 6, 1919. One was for $3,000, due nine months after said date, and the other for $4,000, maturing in one year thereafter.

A chronological statement of the facts is essential for an understanding of the legal questions involved. Appellee subscribed for stock in the Selway Steel Post & Fence Company in the amount of $25,000. At that time, and as a part of the trans-

action, the indebtedness was evidenced by five notes, for the following amounts: Two payable to the Selway Company, one for $7,000 and the other $8,000, and three payable to "myself," for $3,000, $4,000, and $3,000, respectively. The agent inducing the sale and procuring said evidences of indebtedness was Henry Martens, appellee's brother. Said last note for $3,000 has been paid, and the $7,000 and $8,000 instruments are not involved here. Upon receipt thereof, the agent sold the three "myself" notes, aggregating $10,000, to Harry W. Hill, of the Citizens State Bank of Earlham. November 12, 1919, Hill transferred the negotiable paper in question to his client, A. R. Hemphill, six days after the execution date. That transaction resulted in the case of *Hemphill v. Citizens State Bank*, wherein an opinion was handed down by this court February 17, 1925, 199 Iowa 489. As a result of said litigation, Hemphill was declared to be the holder of said written promises to pay, as against Hill and the said bank. Title thereto by appellant was obtained by virtue of a judgment of the district court of Madison County in May, 1925, growing out of an attachment proceeding wherein the Citizens State Bank of Earlham was plaintiff and said A. R. Hemphill defendant. Limited rights, however, in the property were fixed by the court in this: appellant was given the authority to collect from the maker and retain sufficient of the proceeds to pay its judgment against said Hemphill, and the remainder, if any, was to be refunded to the attachment debtor. Accordingly, September 25, 1925, the present lawsuit was instituted, through a petition containing two counts, covering the individual obligations in question. Answer was interposed, including a general denial, and in addition thereto, special defenses that: First, there was no consideration; second, procurement was through fraud in the inception, due to misrepresentations made by Henry Martens, representative of said Selway Company; and third, material alteration, in that the words "Citizens State Bank, Earlham, Iowa," were filled in a blank following the phrase "payable at." By way of reply, appellant alleged: First, estoppel, growing out of the facts that (a) appellee filed, in the matter of the Selway Steel Post & Fence Company receivership proceedings pending in Polk County, his petition and claim, asking for judgment against said institution on the two documents named in the petition in

this cause, and the other one for $3,000 previously paid, and obtained judgment for $10,000, and (b) during the trial of said *Hemphill v. Citizens State Bank* case, supra, appellee testified as a witness, in substance, that he had never given Hemphill or Hill any notice that would invalidate the notes, did not know Hemphill at all, and never communicated with him, but told Hill about the fraud in August, 1921; and second, wording of the instruments was completed in the present form before delivery.

Material assignments of error will now be considered.

I. Earnest argument is made that there was mistake on the part of the district court in not directing a verdict in appellant's favor upon the theory of said estoppel. We are con-

1. BILLS AND NOTES: holder-ship in due course: inconsistent attitude: estoppel.

strained to hold that the objection is without merit on this phase of the controversy. Such bar is founded upon the legal basis that, because of the position assumed in the first litigation, the party taking the attitude cannot change it afterward, to the injury or prejudice of another. *Patton v. Loughridge,* 49 Iowa 218; *Wolfinger v. Betz,* 66 Iowa 594; *Riegel v. Ormsby,* 111 Iowa 10; *Baird v. Connell,* 121 Iowa 278. Established criterion, however, is the disadvantage or harm caused the litigant asserting the principle of law. *City Bank of Boone v. Radtke,* 87 Iowa 363; *Durlam v. Steele & Jenks,* 88 Iowa 498; *Vogt v. City of Grinnell,* 123 Iowa 332; *Archer v. Barnes,* 149 Iowa 658; *Helwig v. Fogelsong,* 166 Iowa 715; *Ludden v. Butters,* 181 Iowa 94; *City Bank of Mitchellville v. Alcorn,* 188 Iowa 592. Consistently the burden of proof, in such event, is upon him who makes the allegation and relies upon the defense. *Kocher v. Palmetier,* 112 Iowa 84; *Howell v. Goss,* 128 Iowa 569; *Baldwin v. Lowe,* 22 Iowa 367; *Mandelko v. Hinds,* 186 Iowa 1355; *City Bank of Mitchellville v. Alcorn,* supra.

Entirely wanting is the proof in this regard. No showing is made that Hill, Hemphill, or appellant changed position in any way because of appellee's action or testimony in the cases of Selway and Hemphill versus Hill and the bank. Code of 1924, Section 9519. In fact, so far as the record is concerned, no reliance at any time or in any event was made thereon. All this is said, assuming the version given by appellant concerning the same is correct. Analysis will not support the liberal inter-

pretation indulged in by the Citizens Bank. There is no indication in the abstract that appellee declared, in the Selway action, by word or writing, that appellant or its predecessors were holders in due course for a consideration, without notice. Only a judgment is set out in connection with the Selway transaction. So far as material, its recitation is that appellee has recovered for the sums of money which he paid upon his subscriptions to the capital stock, and that the amount may be increased by future application for sums assessed against him in favor of the receiver. Reasons for making the entry do not appear. Preliminary applications, pleadings, admissions, and finally the declaration of witnesses, if any, are entirely absent.

Manifestly, it cannot be said that said element of estoppel is present. Inconsistency is nowhere to be found.

II. Doctrine of former adjudication is not in this case. Appellant was not a party to the previous legal quarrel. Distinction pointed out in *Macedonia State Bank v. Graham,* 198

2. JUDGMENT: conclusiveness: non-party to action.

Iowa 12, does not exist here, and this is said without determining the materiality of the satisfaction of or failure to collect on the Selway judgment (in truth it was not paid), for the very good reason that it is not revealed in the case at bar that the advantage there gained was because of any incongruity intimated.

III. Equally must appellant fail in its plea relating to the assertions of appellee as a witness in the *Hemphill v. Citizens State Bank* case, supra. Rather than being affirmative, the testifier was negative. Conclusion based upon the result of that transaction cannot be that Hill and Hemphill were holders in due course. Ground covered by the examination was not broad or conclusive enough in its scope to have that effect. Even though the affiant did not learn, or serve notice of, the fraud and defects, this does not foreclose the fact that Hill or Hemphill may have otherwise acquired the knowledge. Consequently, it was for the jury to decide, under all the circumstances, the fact question to be ultimately settled.

IV. Conflict appears throughout the record on the interpretation placed by the parties upon Sections 9474, 9585, and 9586 of the Code of 1924. According to the order named, said provisions are:

"9474. Where the instrument is wanting in any material

particular, the person, in possession thereof has a prima-facie authority to complete it by filling up the blanks therein. And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a prima-facie authority to fill it up as such for any amount. In order, however, that any such instrument when completed may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time. But if any such instrument, after completion, is negotiated to a holder in due course it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time."

3. BILLS AND NOTES: alteration: filling in place of payment.

"9585. Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized, or assented to the alteration and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor."

"9586. Any alteration which changes: * * * The time or place of payment; * * * Or which adds a place of payment where no place of payment is specified, or any other change or addition which alters the effect of the instrument in any respect, is a material alteration."

Appellee contends that, because he delivered the notes with the place of payment blank, and afterward someone else supplied the words in dispute,—to wit, "Citizens State Bank, Earlham, Iowa,"—as said place, voidness follows; his theory being that said Section 9474 is not applicable, or if so, is entirely overcome by the two remaining sections, 9585 and 9586. *Johnston v. Hoover*, 139 Iowa 143, has ruled adversely. See, also, *Marion Sav. Bank v. Leahy*, 200 Iowa 220. When harmony, uniformity, and enforcement of all portions of the act are possible, it is our duty so to proceed, in order that no part will be discarded and the entirety made effective. Truly, a material alteration will work an avoidance. Also, "change of place of payment" may amount to such "material alteration." But not so if the

transaction involves the "filling in" of a blank intended therefor, within the purview of said Section 9474. Language in *Johnston v. Hoover,* supra, is to the following effect:

"What has already been said is sufficient to make it plain that to the case in hand Subsections a124 [9585] and a125 [9586] have no application. We are aware, of course, that our conclusion on the case is not in harmony with some of our former cases; but the interposition of the statute is sufficient to account for that."

Therefore, Section 9474 prevails where the facts and circumstances are such as are therein contemplated, and in that contingency, Sections 9585 and 9586 have no bearing on the situation.

V. Again, appellant complains because appellee was permitted to testify, over objection, to the effect:

"I left the place of payment blank in both notes, and did not authorize anyone to fill in the place of payment in the blanks."

Error is said to appear here because the witness does not claim to have forbidden the insertion of "a place of payment," and, according to said Section 9474, the presumption is that the authority had been given, and necessarily a verdict should have been directed for appellant. Really what was meant by, and the net result of, the declaration quoted is that there was no express right conferred upon anyone to supply the absent clause in the vacant space. This is not sufficient to overcome the statutory presumption. For assertion is not made that the act was prohibited, or in violation of an express agreement. 8 Corpus Juris 185, Section 315. Yet the evidence was material to show that the writings, as they now appear, were incomplete when delivered by appellee, and "the absence of any agreement * * * as to what was to be placed in the blanks." *Marion Sav. Bank v. Leahy,* supra.

4. BILLS AND NOTES: alteration: evidence: materiality.

VI. Finally, insistence is made that there must be a reversal because the trial court submitted the issue of material alteration to the jury. Defense of appellee is not that the blank following the words "payable at" was filled contrary to instructions, but rather, that the same was done without authority. Impliedly, there was granted the right to make the inser-

5. ALTERATION OF INSTRUMENTS: evidence: law (?) or jury (?) question.

tion, when possession was permitted with the peculiar blank in question.   That in itself amounted to an invitation, coupled with the statutory presumption of authority, to complete the instrument.   *Johnston v. Hoover* and *Marion Sav. Bank v. Leahy,* supra.   No dispute existed.   On this issue, we said, in *Marion Sav. Bank v. Leahy,* supra:

"* * * it was his [the possessor's] privilege, under this section of the statute [9474], to fill in said blanks in any way he saw fit, in the absence of any agreement between them as to what was to be placed in the blanks."

Necessarily, under the showing made, the jury had before it nothing upon which to base a finding of fact.   Said legal prerogative was paramount; and, without claim and testimony that some other understanding supplanted it, the question was one for the court, rather than the fact-finding body.   Prejudice appears because of this.   We conclude that the district court erred in the manner indicated.

The judgment must be, and hereby is, reversed, and a new trial granted.—*Reversed.*

EVANS, C. J., and STEVENS, FAVILLE, and WAGNER, JJ., concur.